## SEVING v. GALE.

COMPOSITION.—FRAUD.—Where a debtor procures a composition with his creditors by means of false representations as to the amount of his property, the contract is void, and the creditor may recover the whole of his debt.

APPEAL from the *Jefferson* Common Pleas.

FRAZER, C. J.—The only question before us in this case arises upon the action of the court below in sustaining a demurrer to the complaint, in which it was alleged that the plaintiff had sold and delivered to the defendant certain property, for the price of $3,000, to be paid in cash, one-third of which had been paid, the defendant giving his note for the balance of $2,000; that afterwards the defendant fraudulently and falsely represented that he could only pay the balance by selling the same property for $2,000, which was the utmost price which he could get; that the plaintiff was induced to believe that said representations were true, and was thereby induced to yield to the defendant's importunities to compound his claim, and did thereupon take $1,800 and surrender the defendant's note, being induced to do so by the representation of the defendant, falsely and fraudulently made, that the latter had lost greatly by the purchase, and was consequently unable to pay his

debts, whereas, in truth, the defendant had sold the property for $4,000, and was able to pay all his debts.

It is a rule of the law, of general application and quite well understood, that a matured and liquidated demand cannot be satisfied, ordinarily, by a payment in money of a less sum than the amount of the debt. To this rule there are, however, many exceptions, and one of the most familiar of these is the case of a composition between debtor and creditor. This exception is sustained, however, only where the most scrupulous good faith has been observed by the debtor in reference to the transaction. Thus, if he has privately paid or bound himself to pay an additional sum to one of several creditors, the other creditors may compel payment of the entire balance of their demands, upon the ground that they were induced by fraud to accept the composition; and yet the secret transaction may not actually have injured them. How much stronger is the case where the debtor, to excite the fear of his creditor that all will be lost, fraudulently procures a composition by falsely pretending to be insolvent, when in fact he is abundantly able to pay to the uttermost every liability, and by this grossly dishonest trick draws his creditor into taking a part of what is due him for the whole. Shall such a debtor reap any advantage from the deliberate deception which he has practiced? That he shall not thus profit is an elementary proposition of the law. There cannot be a case found in all the books giving sanction, or the slightest support, to an opposite rule. It pervades and forms the foundation of all the law upon the subject of fraud.

But it is said that the plaintiff would be no better off if the falsehood by which the defendant misled him had been actually the truth. This is a very plausible form of putting the argument. The conclusion sought to be enforced is that the fraud practiced worked no damage to the plaintiff, and hence that he cannot be relieved against it. It is a misapprehension that *Rice* v. *Loomis, ante,* p. 399, is here in point for the appellee. We suppose that case to be

rather the other way. Facts may be falsely represented to attain fraudulent ends, as well with a view to create a conviction of impending loss as to induce the belief of resulting advantage. Thus: A, by falsehood, and for the purpose of overreaching B, induces the latter to believe that his title to valuable real estate is fatally defective, and then takes advantage of his victim by purchasing B's title, which in truth is perfect, for a tithe of the value of the property. Here, B is really in better condition than he would have been if he had kept his title and the fact had been as represented; but yet it is transparent that he has been mercilessly cheated out of his valuable property. It is not open to debate that the fraud practiced upon him has, in fact, wrought damage to him. Was ever such a suitor denied relief by a court upon the ground that if the falsehood had been truth his loss would have been equally great? We think that the court below erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

*J. S. Wilson, J. Roberts* and *C. E. Walker,* for appellant.
*H. W. Harrington* and *C. A. Korbley,* for appellee.