WILLIAM H. POTTER,
*vs.*
THE MONMOUTH MUTUAL FIRE INSURANCE COMPANY.

*Rescission of settlement obtained by fraud essential to a recovery.*

Where an insurance company show, in defence to a suit upon a policy, that the plaintiff has accepted a specific sum in adjustment of his loss and the assured replies that the settlement was procured by fraud practiced upon him by the defendants, it will be necessary for him to prove that he has returned the money received upon such settlement before commencing his action ; otherwise it cannot be maintained.

Potter *v.* Monmouth Ins. Co.

ON EXCEPTIONS.

ASSUMPSIT upon a policy issued by the defendants to the plaintiff, insuring the buildings upon his farm and the personal property in them for a term of four years, to the amount of $1450. The policy was delivered September 18, 1867, and the property was destroyed by fire September 1, 1869. Between these two dates Mr. Potter had mortgaged his farm. After the loss there was debate and difficulty about its adjustment, which resulted in its being settled by payment of a thousand dollars in full on the fifteenth day of October, 1869, by a draft of that date and amount, payable in thirty days. This action was instituted November 15, 1870, to recover the other $450 upon the policy, and was in the ordinary form of declaring upon such an instrument, no mention being made of the compromise, which (at the trial) the plaintiff testified he was induced to assent to by reason of fraudulent misrepresentations, by some of the directors of the insurance company, that his having mortgaged the estate, without notice to them, was such an alienation of it as to avoid the policy. He said he was told there was a statute to that effect. In defence it was stated that the main objection urged to him, when he presented and adjusted his claim, was that there was an over-valuation, he having paid between thirteen and fourteen hundred dollars for the farm of sixty acres with these buildings upon it. It appeared, however, that the effect of the mortgage was discussed and part of the syllabus of the case of *Pollard* v. *Somerset Ins. Co.*, 42 Maine, 221, was read to him. The legislation of 1861, c. 34, and of 1862, c. 115, had changed the law in this State, but this was not known to Mr. Potter; whether or not it was known to the defendants' directors was not made clearly apparent.

The verdict was for the plaintiff. Though several exceptions were noted at the trial the only one insisted upon in argument by the company was the refusal of the judge to give this instruction requested by them, viz: "Fraud does not render contracts void, except at the option of the party defrauded; and, where there is a settlement of a claim for a sum less than appears to be due upon

the face of it, after such settlement, before an action can be maintained upon the original cause of action, upon the ground of deception, misrepresentation or fraud, on the part of the debtor in effecting the settlement, the creditor must (within a reasonable time) rescind the contract of settlement, and return or tender to the debtor whatever sum was paid and received in effecting it." The presiding justice told the jury that though "there may, perhaps, be some question with regard to that, I have thought best, on the whole, to instruct you that this action may be maintained, if the plaintiff has succeeded in defeating the effect of that instrument [his agreement] although he did not return the money received by him."

*Joseph Baker* and *E. O. Bean,* for the defendants, cited a number of cases from the Maine Reports in support of their exceptions.

*A. Libbey,* for the plaintiff.

VIRGIN, J. Assumpsit on a policy of fire insurance in the sum of fourteen hundred and fifty dollars, for four years from September 18, 1867. The writ is dated November 15, 1870. The property insured was totally destroyed by fire on September 1, 1869.

In addition to the general issue, the defendants pleaded by way of brief statement that on October 15, 1869, the plaintiff agreed in writing to accept one thousand dollars in thirty days in full satisfaction for the loss of his property covered by the policy in suit, which they then agreed to pay and did pay within the time specified ; and that the plaintiff accepted the same in full discharge and satisfaction thereof.

The plaintiff introduced testimony tending to prove that he was induced to sign the agreement and accept the money by the fraudulent misrepresentations of the defendants ; that he was deceived thereby ; and that he should not otherwise have made the agreement or received the money. The defendants denied all fraudulent practices in the premises.

The verdict was for the plaintiff for the balance; and the only ground on which it can be based, under the instructions given, is that the jury must have found the defendants guilty of the fraud imputed to them by the plaintiff's testimony. Hence the first request by the defendants became material; and the presiding justice erred in not giving to the jury the law upon the subject of rescission.

The contract of insurance and that of accord and satisfaction could not contemporaneously exist and be in force; for the latter if *bona fide* would operate as a cancellation of the former. R. S., of 1857, c. 82, § 44. If not *bona fide* but voidable for fraud of the defendants, the plaintiff, by seasonably rescinding. it, but not otherwise, might then bring the action which he has brought, upon the policy. But he could rescind only by paying back or tendering the one thousand dollars. *Bisbee* v. *Ham*, 47 Maine, 543, is precisely in point. *Exceptions sustained.*

APPLETON, C. J. CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.