SAMUEL R. BROWN & another *vs.* HARTFORD FIRE INSURANCE COMPANY.

Essex.   Nov. 5, 1874. — May 12, 1875.   AMES & DEVENS, JJ., absent.

If a settlement is made by a member of a firm with an insurance company, for a loss occasioned to property of the firm by a peril insured against, the firm cannot maintain an action on the policy, without first restoring or offering to restore what has been received under the settlement, although the partner who made the settlement was a minor, and the settlement was effected through the fraud of an agent of the company.

CONTRACT on a policy of fire insurance.   Trial in the Superior Court before *Dewey*, J., who, after verdict, reported the case for the consideration of this court.   The nature of the case appears in the opinion.

*R. E. Harmon*, for the plaintiffs.

*J. W. Perry & C. U. Bell*, for the defendant.

COLT, J.   The action is upon a policy of fire insurance in favor of the plaintiffs, Brown & Cottrell, who were partners in business.   After the fire the policy was surrendered and cancelled, on payment by the defendant of a sum of money to Brown in full satisfaction and compromise of all claims under it.   A receipt and discharge was given by him in the name of the firm, which is relied upon by the defendants as a bar to this claim.   The plaintiffs reply that the settlement and discharge were procured by false and fraudulent representations, and that Brown was a minor when he gave it.   The case finds that the money received by Brown was divided with his partner, as were also the damaged goods which were not sold after the fire.

It is not necessary to consider all the questions raised on this report; because the settlement and discharge relied on, although obtained by false and fraudulent representations, constitutes a good defence until rescinded and avoided by a return or an offer to return the money paid by the defendant to obtain it.   As a general rule, a party cannot rescind a contract and retain the consideration, in whole or in part, which he has received under it.   There is an exception to this rule in favor of infants, and those who are under some form of disability.   So that, where the consideration of the contract has been wasted or lost during minor-

ity, the infant does not lose his right to avoid it without restoration. *Chandler* v. *Simmons*, 97 Mass. 508, 514. *Bartlett* v *Drake*, 100 Mass. 174. *Bassett* v. *Brown*, 105 Mass. 551, 558. *Gibson* v. *Soper*, 6 Gray, 279.

The plaintiffs cannot avail themselves of this exception to exempt them from the duty of returning the consideration received. It is the firm that seeks to recover this insurance. The consideration for the release was received by the partnership in discharge of the policy. It was a ratification of the act of the infant partner, if such ratification was necessary. The infancy of one partner cannot excuse the firm from its duties to the defendant, so that the firm may sue on the contract without first returning the consideration received.

The evidence offered to show the infant partner's want of ability to restore this money, and his liability on account of the partnership for a much larger sum, was rightly rejected, and according to the terms of the report there must be

*Judgment for the defendant.*