Filed Sept. 21, 1887.

* * *

No. 13,857.

THE HOME INSURANCE COMPANY *v.* HOWARD.

CONTRACT.—*Insurance.*—*Compromise of Disputed Liability.*—*Rescission.*— *When Necessary Prior to Action on Original Obligation.*—A recovery can not be had upon a contract which has been released and surrendered in pursuance of a subsequent contract, upon which an amount has been paid as

a compromise of a disputed liability upon the original obligation, so long as the subsequent contract remains unrescinded and in force, even though the compromise was effected by fraud.

From the Sullivan Circuit Court.

*A. Gilchrist, C. A. DeBruler, J. T. Hays* and *H. J. Hays,* for appellant.

*J. C. Briggs, W. C. Hultz* and *O. B. Harris,* for appellee.

MITCHELL, J.—Howard brought this action to recover upon a policy of fire insurance issued to him by the Home Insurance Company of New York.

It appears that after the loss occurred, and before the policy matured, the company claimed that by reason of certain facts known to it, relating to the origin of the fire, it was not liable upon its policy. A compromise was accordingly agreed upon, whereby, in consideration of twenty-five dollars paid to the plaintiff, the policy was surrendered up to the company and cancelled. This agreement was evidenced by a writing endorsed on the policy in the following language:

"PLEASANTVILLE, June, 1886.

"Received of R. L. Klum, assistant State agent, twenty-five dollars in currency, which is in full of all claims I now have, or may have, under this policy for loss or damage by fire of May 8th, 1886, or otherwise, and this policy is hereby fully cancelled and surrendered to the Home Insurance Company of New York. \ RUEL HOWARD.

"Attest: W. STEWART."

The plaintiff claimed that the settlement and release had been procured from him while laboring under physical and mental distress, by the false and fraudulent representations of the company's agent.

Upon the plaintiff's motion the case was tried by a jury, as an action at law. The jury returned a verdict for twelve

hundred dollars, and, over the appellant's motion for a new trial, judgment was given accordingly.

The controlling question is, whether the finding and judgment are maintainable, in the absence of averment and proof that the plaintiff avoided the settlement and cancellation endorsed on the policy prior to the commencement of the action. This question arises on the pleadings, as well as upon the motion for a new trial.

The action being at law to recover upon the policy as a subsisting obligation, it follows inevitably that the contract of settlement and cancellation above set out, not being void, constitutes an insuperable barrier against a recovery so long as it is not rescinded or avoided by an offer to return the consideration paid for it. The case is not distinguishable from *Brown* v. *Hartford Fire Ins. Co.*, 117 Mass. 479.

In such a case as this, a recovery can not be had upon a contract which has been released and surrendered up, in pursuance of a subsequent contract, upon which an amount has been paid as a compromise of a disputed liability upon the original obligation, so long as the subsequent contract remains unrescinded and in force. *McMichael* v. *Kilmer*, 76 N. Y. 36; *Gould* v. *Cayuga County Nat'l Bank*, 86 N. Y. 75; *Bisbee* v. *Ham*, 47 Maine, 543; *Worley* v. *Moore*, 97 Ind. 15, and cases cited.

It does not alter the case that the compromise may have been brought about by the fraud and misrepresentation of the defendant, or that in the end it was found that a sum largely in excess of the amount paid to settle the disputed liability was due the plaintiff.

As is said in *Gould* v. *Cayuga County Nat'l Bank, supra,* "In all actions of trover or replevin to recover the property parted with, and in all actions based solely upon the original relations between the parties, the plaintiff must show that he rescinded the fraudulent contract before the commencement of the action; in other words, that he had a cause of action when he commenced his action."

One who has been led into a contract upon which he has received something of value can not ignore the contract, however induced, and proceed in a court of law as if the relations of the parties were wholly unaffected thereby. He can not, while retaining its benefits, and thus affirming the contract, treat it as though it did not exist. "He can not treat it as good in part and void in part, but must affirm or avoid it as a whole." *Higham* v. *Harris,* 108 Ind. 246, and cases cited; *Evans* v. *Gale,* 17 N. H. 573 (43 Am. Dec. 614).

The present is quite unlike the case of a compromise or composition by a debtor with his creditors, where the liability of the debtor is conceded, and no dispute exists as to the amount. Where a debtor has effected a composition with a creditor, the liability being conceded, a different rule controls.

In such a case the creditor agrees to release an undisputed claim upon receiving payment of an amount less than what is conceded to be due. If the latter has been led into the agreement by fraud, or if there has been bad faith or concealment on the part of the debtor, the agreement is vitiated, and the principles applicable to cases of rescission do not apply. It is not essential, under such circumstances, that the creditor should have returned the amount received before bringing an action to recover the balance of the original debt. *Hefter* v. *Cahn,* 73 Ill. 296; *Bank of Commerce* v. *Hoeber,* 8 Mo. App. 171; *Enneking* v. *Stahl,* 9 Mo. App. 390; *Pierce* v. *Wood,* 3 Foster (N. H.), 519; *Seving* v. *Gale,* 28 Ind. 486.

Where, however, one person denies any liability whatever, another may not first obtain from him what he can under an agreement to compromise, and afterwards, with the money so obtained, without avoiding that agreement, prosecute an action at law to recover as much more of the claim in dispute as he may chance to secure.

Where one has been induced to compromise a claim by fraud he can rescind by restoring, or offering to restore, what he has received as a consideration for the compromise. He

may then maintain an action at law upon the original contract, treating the compromise as rescinded. A person thus situate may, instead of rescinding and suing at law, keep what he has received and commence a suit in equity to rescind the fraudulent compromise and to obtain in the same action equitable relief, offering in his complaint to restore what he has received in case it shall be adjudged he is not entitled to retain it. *Higham* v. *Harris, supra,* and cases cited ; *Gould* v. *Cayuga County Nat'l Bank, supra.*

Or a person so circumstanced may retain what he has received and sue whoever is liable for the consequences of the deceit by which the compromise was brought about, and recover whatever damages resulted therefrom.

In support of the judgment our attention is called to *Mc-Lean* v. *Equitable Life Assurance Society,* 100 Ind. 127 (50 Am. R. 779). The facts in the case cited are in many respects analogous to those here under consideration, and, so far as we may judge, the point we have been considering might well have been made there. It is enough to say, however, that the question does not seem to have been made, and there is, therefore, nothing decided in that case in conflict with our conclusion in this.

It is not necessary that we should notice other incidental questions.

The court erred in overruling the motion for a new trial.

Judgment reversed, with costs.

Filed Sept. 28, 1887.