## JOSEPH H. SAVILLE, RESPONDENT, *v.* ÆTNA INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — *Nonsuit — Adjustment and settlement of loss — Effect of same — Action to set aside — Mistake or fraud — Evidence — Defense — Pleading — Voidable policy of insurance.* — The Agricultural Insurance Company issued a policy of insurance for $1,500 on a building belonging to the plaintiff, one of the clauses of which was that the policy should be void if other insurance were effected without the written consent of the company. Subsequently the plaintiff insured the building with the consent of the Agricultural Insurance Company for $1,000 in the Ætna Insurance Company (the defendant) and $1,000 in the London and Lancashire Insurance Company, and then, without such consent, took out two other policies for $1,000 each in the two last-named companies. Each of the four last-mentioned policies contained provisoes that in the event of other insurance prior or subsequent, the company would only be liable in the proportion of its policy to the entire amount of insurance ; and that the policy should be void in case of overvaluation of the building. The building was burned, and the plaintiff having furnished the requisite proofs of loss, an adjustment and full settlement were concluded between him and the London and Lancashire Insurance Company and the defendant. The value of the building in his applications for policies in said companies was fixed at $7,500 by the plaintiff, but its value as agreed upon in the proofs of loss aforesaid was $3,810.50. The amount of the loss paid by the defendant under the adjustment was apportioned with reference to the plaintiff's $1,500 policy in the Agricultural Insurance Company, which was described in said proofs. After such settlement, upon demand made by the plaintiff for payment of its proportion of loss, the Agricultural Insurance Company repudiated all liability, on the ground that its policy had been rendered void by plaintiff's obtaining other insurance without its consent. The plaintiff thereupon sued the defendant to recover one half of the loss of the building remaining unpaid, his complaint making no reference to the policy in the Agricultural Insurance Company, alleging no fraud or mistake in the adjustment aforesaid, but taking the same, with the value of the building agreed upon thereunder, as the basis of the action. The answer of the defendant set forth in avoidance the adjustment and settlement aforesaid, the condition of its policies limiting its liability to a proportion of the loss as prorated between the other two companies and itself,

and the nullity of its policies by reason of plaintiff's overvaluation of the building. The replication admitted the allegations of the answer, and averred error in the adjustment, arising from a mistaken belief on the part of both the defendant and the plaintiff, at the time, as to the validity of the policy in the Agricultural Insurance Company. Upon the trial, the plaintiff's evidence established all the facts aforesaid, as to the adjustment, and he was also permitted, over the objection of the defendant, to introduce evidence tending to show that the Agricultural Insurance Company had refused to pay its proportion of loss, and that at the time of the said adjustment, the parties thereto had been mistaken as to the validity of the policy in said last-named company. A motion for a nonsuit having been denied, the trial resulted in favor of the plaintiff. The defendant appealed. *Held,* that the plaintiff should have been nonsuited; that the executed adjustment of the loss between the parties must control them, and could only be set aside in an action expressly for that purpose, alleging fraud or mistake; that the objection of defendant to the plaintiff's evidence, showing error in the adjustment, should have been sustained; that the defendant having agreed to the adjustment, could not maintain its defense of overvaluation, inasmuch as such adjustment had been executed and had never been set aside; that the plaintiff might have sued on his policies, leaving it to the defendant to set up in avoidance the adjustment and condition of the policies, and thus have reserved the right to show fraud or mistake in the adjustment, but that having chosen the course he did, of relying on the adjustment, which created a new and distinct liability, he could not, under the pleadings, attack it. *Held, also,* that the policy in the Agricultural Insurance Company was not absolutely void at the time of the adjustment, but was simply voidable, and therefore "other insurance," within the meaning of that term as used in the other policies.

*Appeal from the Second Judicial District, Silver Bow County.*

The facts sufficiently appear in the *syllabus* and opinion.

*McBride & Haldorn,* and *Van Ness & Roche,* for Appellant.

The adjustment and payment thereunder were final. After the adjustment and promise to pay the amount thereof, a new contract existed, and the company will be estopped from setting up any breach of the policy conditions to defeat a suit upon the contract; and *e converso,* of course. (*Smith* v. *Glen Falls Ins. Co.* 62 N. Y. 85; *Nat. Life Ins. Co.* v. *Minch,* 53 N. Y. 144; *Godchaux* v. *Merchants' Mutual Ins. Co.* 34 La. An. 235; *F. & M. Ins. Co.* v. *Chesnut,* 50 Ill. 111; *Ill. Ins. Co.* v. *Archdeacon,* 82 Ill. 236; 25 Am. Rep. 313; *Stache* v. *St. Paul F. & M. Ins. Co.* 49 Wis. 89; *Donohue* v. *Woodbury,* 6 Cush. 148; 52 Am. Dec. 777; *Tuttle* v. *Tuttle,* 12 Met. 551; 46 Am. Dec. 701; *Bull* v. *Bull,* 43 Conn. 455; *McDaniels* v. *Lapham,* 21 Vt. 222; *McDaniels* v. *Bank of Rutland,* 29 Vt. 230; 70 Am. Dec. 406.) A loss adjusted and paid becomes an accord and satisfaction, and when there is no fraud, the adjustment and payment are a

bar to another action. (*Untersinger* v. *Niagara Ins. Co.* 10 Ins. Law J. 237.)  An adjustment and payment are an accord and satisfaction; and an action thereafter brought upon the policy is an action to rescind the adjustment and to recover upon the policy; and in such action a return of the amount actually received is a condition precedent to its maintenance. (*Potter* v. *Monmouth Ins. Co.* 63 Me. 440; S. C. U. S. Digest, 1875, p. 412.  See, also, *Pangborn* v. *Continental Ins. Co.* Mich. Jan. 5, 1888.)  Until rescission properly made, or until set aside in an equitable proceeding to that end, an accord and satisfaction forms a complete bar to any further action on the original claim.  (3 Blackst. Com. 15; Bacon's Abr. title, Acc. and Sat. 1 American and English Encyclopedia of Law, 94.)  Such an adjustment like an award is not open to collateral attack.  (Caldwell on Arbitration, 407; *McKinstry* v. *Solomons*, 2 Johns. 61; *Barlow* v. *Todd*, 3 Johns. 366; *Braddick* v. *Thompson*, 8 East, 344; *Truesdale* v. *Straw*, 58 N. H. 207; *Strong* v. *Fish*, 13 Vt. 277; *Burroughs* v. *David*, 7 Iowa, 154.)  If it should be contended that the adjustment was secured by fraudulent representation by the agents or adjusters, or that under the circumstances the Agricultural policy was invalid, the answer is that any expressed opinion to that effect was merely an opinion upon a matter of law, and if plaintiff was misled in that regard, he was without remedy. (*Ætna Ins. Co.* v. *Reed*, 8 Ins. Law J. [Ohio] 350; *Birmingham Ins. Co.* v. *Krœgher*, 83 Pa. St. 64; 24 Am. Rep. 147; *Fish* v. *Cleland*, 33 Ill. 238; *Indiana Ins. Co.* v. *Brehm*, 88 Ind. 578; *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1; *Upton, Assignee*, v. *Tribilcock*, 91 U. S. 49, 50.)  The plaintiff to make out his case introduced in evidence the proofs of loss, which were in writing, and then sought to introduce verbal testimony to contradict and vary the proofs of loss.  This he had no right to do, for the reason that the adjustment was conclusive upon both parties.  (See 62 N. Y. 85, and other cases cited in this brief; also, *Pierson* v. *McCahill*, 21 Cal. 123, and cases cited.)  The policies of defendant each provide that in case of "other insurance," defendant was only to be liable for such proportion of the loss as the amount insured by each company respectively bore to the total insurance.  Prior to the issuance of the policies sued upon, the plaintiff had taken a policy upon

the said property in the Agricultural Insurance Company. This latter policy contained a prohibition of other additional insurance without notice, and a proviso that in case of failure to give notice and obtain written consent, the policy was to become void. At the time that the latter policies were taken out the Agricultural policy was a valid existing contract, and the issuance of the policies in suit did not, *ipso facto,* render it void, but merely voidable at the election of the insurers. It is well settled that in such case the Agricultural insurance was "other insurance" within the meaning of defendant's contracts. (*Atlantic Ins. Co.* v. *Godall,* 35 N. H. 328; *Bigler* v. *N. Y. Cent. Ins. Co.* 20 Barb. 635; 22 N. Y. 402; *Lackey* v. *Georgia Ins. Co.* 42 Ga. 456; *Kennedy* v. *Ins. Co.* 6 Ins. Law J. 359; *Carpenter* v. *Providence Washington Ins. Co.* 16 Peters, 508; *Funke* v. *Minn. Farmers' Mutual Fire Ins. Co.* 29 Minn. 347; 43 Am. Rep. 416.) When a policy is apparently valid on its face and can only be shown to be void by pleading matters in avoidance, it is to be deemed only voidable, and the privilege of pleading such matters in avoidance appertains solely to the company which issues the policy. The plaintiff is not entitled to set up such matters. (*David* v. *Hartford Fire Ins. Co.* 13 Iowa, 69.) It is decided in the following case, that prior or subsequent insurance, whether valid or invalid, is "other insurance" within the meaning of that term, as used in the policy: *Jacobs* v. *Equitable Insurance Co.* 19 Up. Can. Q. B. 250, 257. The company in order to prevent any doubt whatever as to the meaning of its contract with plaintiff, set out in that contract paragraph 6 of its policy. "That in case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, whether *valid* or not *valid,* etc., the insured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon." If prior to the time of the adjustment there had been any doubt as to whether or not the Agricultural insurance was "other insurance" within the intent and meaning of paragraph 6 of defendant's policies, that doubt was settled by the adjustment, by Saville's submitting his proofs of loss setting out the Agricultural insurance as existing "other insurance," and by

defendant accepting such proofs as submitted. Judge Story, in delivering the opinion of the court, 16 Peters, 508, *supra,* decides that an invalid policy of insurance, valid on its face, will render a policy void, which provides such penalty for the taking of "other insurance" without the consent of the insurer. Under this decision, the Agricultural Insurance Company's policy being valid upon its face, and having been treated by all the parties thereto as a valid and subsisting insurance, and never having been surrendered or canceled, must be regarded as "other insurance" within the meaning and intent of paragraph 6 of defendant's policies, and defendant under no circumstances could be liable for a greater proportion on the loss than the proportion stated in the proofs of loss, whether such Agricultural insurance was valid or not. (*Phenix Ins. Co.* v. *Lamar,* 106 Ind. 513; 55 Am. Rep. 764; *Funke* v. *Minn. F. M. Ins. Co.* 29 Minn. 347; 43 Am. Rep. 216; *Carpenter* v. *P. W. Ins. Co.* 16 Peters, 508, and cases cited in the first two reports above named.) Defendant's policies contained a clause providing that any false representation by the assured, or any omission to make known any fact material to the risk, or any overvaluation, would invalidate the policy. The following are cases in which the courts have construed clauses of this character: *Lycoming Ins. Co.* v. *Rubin,* 79 Ill. 402; *Boutelle* v. *Westchester Fire Ins. Co.* 51 Vt. 4; 31 Am. Rep. 666; *Catron* v. *Tennessee Ins. Co.* 6 Humph. 176; *Wilbur* v. *Bowditch Mutual Ins. Co.* 10 Cush. 446. The evidence was conclusive that Saville, as an inducement to defendant to issue its second policy, had grossly overvalued his property, and falsely represented the said property to be of a value more than twice its true value. That policy by the terms thereof became and was void.

*W. O. Speer,* and *Patrick Talent,* for Respondent.

When a prior policy exists upon property containing a condition against other insurance, and a subsequent policy is procured without notice, the first policy is thereby invalidated and the second stands. (*Duclos* v. *Citizens' Ins. Co.* 23 La. An. 332; *Healey* v. *Imperial Ins. Co.* 5 Nev. 268; *Carpenter* v. *Providence Washington Ins. Co.* 16 Peters, 495, and same case in equity, 4 How. 185; *Burt* v. *People's Ins. Co.* 2 Gray, 397; *Gilbert* v.

*Phœnix Ins. Co.* 36 Barb. 372; *Deitz* v. *Mound City Ins. Co.* 38
Mo. 85; *Manhattan Ins. Co.* v. *Stein*, 5 Bush, 652.) In the
proofs of loss, an honest though erroneous statement will not
defeat the insurer's liability. (Wood on Fire Insurance, § 418;
*Rohrbach* v. *Ætna Ins. Co.* 62 N. Y. 613; *City Five Cents Sav-
ings Bank* v. *Pa. Ins. Co.* 122 Mass. 165.) The proofs of
loss are not conclusive upon the insured. (*Lebanon Ins. Co.* v.
*Kepler*, 106 Pa. St. 28; *Waldeck* v. *Springfield Fire Ins. Co.* 53
Wis. 129; *McMaster* v. *Ins. Co. of North America*, 55 N. Y.
222; 14 Am. Rep. 239; *Cummins* v. *Agricultural Ins. Co.* 67
N. Y. 260; 23 Am. Rep. 111.) The adjustment of a loss
merely amounts to an admission that the sum agreed upon is
due, subject to the terms and conditions of all the policies upon
the risk. (*Whipple* v. *North British etc. Ins. Co.* 11 R. I. 139;
*Fire Association* v. *Blum*, 63 Tex. 282.) Where upon payment
of a portion of an undisputed account the creditor gives a
receipt in full, he is not excluded thereby from recovering the
balance, although the receipt was given with knowledge, and
there was no error or fraud. (*Ryan* v. *Ward*, 48 N. Y. 206;
8 Am. Rep. 539; *Redfield* v. *Holland Purchase Ins. Co.* 56
N. Y. 358.) Proofs of loss cannot be introduced in evidence in
a suit upon the original contract, except for the sole purpose of
showing that the assured has performed that part of his contract
requiring him to furnish proofs. (*Breckenridge* v. *American
Central Ins. Co.* 87 Mo. 62.) In a suit for a loss brought on a
policy, the insured must prove his case independent of the
formal proofs of loss. They are proved as other incidental
matters, such as notice, title, payment of premiums, etc.

LIDDELL, J.—In August, 1885, the plaintiff insured his
building for $1,500 in the Agricultural Insurance Company of
San Francisco, California, and received a policy containing the
condition that it should be null and void in event of other insur-
ance being effected on the same property without the written con-
sent of the home office being first obtained. Being desirous of
obtaining other insurance upon his property, and having obtained
the written consent of the local agent of the Agricultural Com-
pany, the plaintiff, in October following, took out two policies for
$1,000 each on the same property, one in the defendant company,

and the other in the London and Lancashire Fire Insurance Company. In January of the next year, and without obtaining the consent of the Agricultural Company, the plaintiff increased his insurance on the same property by taking two policies from the defendant and the London and Lancashire, each for $1,000, thus making his total insurance amount to $5,500. The two policies issued by the defendant contained the condition that in event of any other insurance upon the same property, whether issued prior to or subsequent to the date of the defendant's policies, the insured shall be entitled to recover of the company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon. There was also an agreement that the loss should be estimated at the actual cash value of the property at the time of destruction, and the further condition that the policy should be null and void in case of overvaluation. Other conditions and agreements usually contained in such contracts are found in the policy, but we deem it unnecessary to mention them, inasmuch as they do not come within the issues to be examined and decided. When the building was destroyed in the month of February, 1886, the plaintiff, in compliance with the rules of the company, made out written proofs of his loss, under oath, for each policy. These proofs were accepted by the company, the actual cash value of the property being therein ascertained to be $3,810.50; and in each statement of his loss the plaintiff set forth, "that in addition to the sum insured by said policy on the said property, there was other insurance made thereon to the amount of $4,500, as particularly specified in schedule A, hereto attached." The schedule referred to set forth the dates and amounts of the various policies, five in number, and the particular sums due thereon, to wit, the two policies of the Ætna Insurance Company, two by the London and Lancashire Company, and one by the Agricultural Insurance Company. The loss, $3,810.50, was apportioned by him among the above companies in the following proportions: $1,385.64 to be paid by the Ætna, $1,385.65 by the London and Lancashire, and $1,039.25 by the Agricultural. There is no dispute that this adjustment was accepted by the defendant, and the amount therein agreed upon was paid over to the plaintiff on the 22d of February, 1886, the policies were surrendered, and a receipt in

full for all demands arising thereunder was duly executed and delivered to the company. It was some time after this adjustment that the plaintiff made demand on the Agricultural Insurance Company for paymemt of its proportion of the loss, but was promptly informed by the officers thereof that the company repudiated any liability under its policy, on account of other insurance having been obtained upon the same property without the written consent of the company. No other effort, it seems, was made to collect this policy from the Agricultural Insurance Company, and it appears to be conceded that the policy was all regular upon its face, and that the company might repudiate any liability thereunder for the reasons assigned by its officers. When this condition of things dawned upon the plaintiff, he instituted the present suit, making the adjustment under the accepted proof of loss, $3,810.50, the basis of his action. The suit is not upon the insurance policies, but is distinctly stated to be upon the ascertained and agreed value of the property insured. No mention is made in the complaint of any policy having been issued by other companies than those of the defendant and the London and Lancashire Insurance Company, between whom the loss is divided in equal portions. A credit is given the defendant for the amount heretofore paid, and a judgment is prayed for $579.60, being the sum necessary to make one half of the whole loss. It is well to remark that the complaint contains no allegation of any error or fraud having been practiced upon the insured in the settlement and adjustment heretofore referred to. For answer to this complaint the defendant sets up the acceptance of the proof of loss, the condition in the policy limiting its liability to its proportion of the loss divided among the three companies, the adjustment thereunder, the payment and receipt in full according to the terms of the contract, and the nullity of the policies by reason of the overvaluation of the insured property. The replication of the plaintiff is a complete admission of all these facts, but he seeks to avoid them by alleging that there was error in the adjustment, for the reason that both plaintiff and defendant were mistaken as to the validity of the policy in the Agricultural Insurance Company at the time they apportioned the loss between the three companies. At the trial the plaintiff established all the facts which went to show the adjustment, and

introduced some evidence over the objection of the defendant, going to prove that after the adjustment the Agricultural Insurance Company repudiated any liability under its policy for the reason heretofore stated, and that both parties were mistaken in believing this policy to have been valid and subsisting at the time of settlement. When the plaintiff rested his case, the defendant moved the court for a judgment of nonsuit, and upon its denial proceeded with the trial of the cause, which resulted in a judgment for the plaintiff. From an order denying its motion for a new trial as well as from the judgment, the defendant appeals. Several grounds are relied on to reverse the ruling of the court, but we do not deem it necessary to consider more than one of them, to wit, the error in denying the motion for the nonsuit. In this connection the evidence which the plaintiff introduced to sustain his case showed an adjustment between the parties, which could not be disturbed without allegations and proof of error or fraud; and furthermore, that by the terms and conditions of the policies the plaintiff could not recover of the defendant any more than its proportion of the loss divided among the three companies. It is too well settled for comment that the plaintiff had his option of two actions—one upon the policies, the other upon the adjustment. The adjustment of the loss, accompanied by a promise to pay, creates a new liability, and may be made, as in this instance, the basis of a suit at law. (Wood on Insurance, p. 1049, and authorities there cited.) The effect of an adjustment and payment thereunder when the amount of the loss is much less than that insured, and is accompanied, as in this instance, by abandonment of the demands or rights of the company which exist under the terms of the policy to have it declared null in event of overvaluation, has all the essential elements of a compromise or accord and satisfaction, as defined by Mr. Story in his work on Contracts, volume 2, section 1354, and Wood on Insurance, volume 2, section 482.

We are not to be understood as denying the right to avoid a a contract for error or fraud; but when a loss has been adjusted and the demands paid in full, the adjustment cannot be attacked in a collateral way. (*Potter* v. *Monmouth Mutual Insurance Co.* 63 Me. 440.) Nor do we intend to deny to plaintiff his right to institute a suit upon the policies, thus leaving to the

defendant its right to avoid the demands by pleading the adjustment and conditions of the policy, and giving plaintiff the right to show mistake or fraud as to the adjustment. But in the case under consideration the plaintiff, after making the loss agreed on in the adjustment a basis for his suit, seeks to avoid the effect of the defenses arising therefrom by alleging error in the settlement. The two positions are clearly inconsistent as well as contradictory, for until set aside by proper suit, the executed adjustment must remain the law between the parties. And just here it is well to remember that in the plaintiff's proofs of loss he stated the insurance policies which existed upon the property and prorated the loss among the companies, so that when the defendant accepted the proofs it did so with reference to the amount demanded of it. *Non constat* that it would have either accepted the proofs of loss, or waived its rights to have the nullity of the contract declared on account of overvaluation, if its liability had not been fixed by the insured as set forth in his proofs. There never was any promise on the part of the defendant to pay the loss at $3,810.50, except as set forth and demanded in the schedule marked A, referred to in the proofs of loss. This view of the rights and liabilities of the parties is most equitable; nor can it be doubted that the insurance company is now bound by the terms of the adjustment, and could not recover back the money paid and avoid the policies except upon allegations and proof of fraud in making the adjustment.

When the plaintiff had rested his case, he had proved the loss of the property, its insurance in the three companies, the present cash value of the property, his adjustment of the loss between himself and the defendant, and the payment of the amount claimed as due thereunder. And any evidence which had been introduced tending to show error in the adjustment was inadmissible under the allegations in the complaint, and the objections thereto should have been sustained. There can be no doubt that as between the plaintiff and the defendant the contract existed to prorate the loss among the companies interested in the risk. At the time the policies were taken out in the Ætna and the London and Lancashire, the defendant as well as the plaintiff believed that he had insurance in the Agricultural Insurance Company to the extent of $1,500, and indeed such

was the case. It was never the intention of the plaintiff that the defendant should be bound, or of the defendant to bind itself for more than its proportion of the loss divided among the three companies. That this was the view of the parties at that time, and that it so remained fixed in their minds up to and at the date of the settlement, is manifest; for in the plaintiff's schedule he makes the statement that he has other insurance in the Agricultural Insurance Company to the extent of $1,500, and figures out the proportion of the loss which each company is to pay him. This is the construction which the parties have placed upon this contract, and it should not be disturbed by the courts. When we consider the course of the plaintiff in adjusting his loss and settling with the defendant, it clearly indicates that he never contemplated that the defendant owed him more than was paid under the adjustment; and therefore that his demands in the present suit were the result of an afterthought originating from the refusal of the Agricultural Insurance Company to acknowledge its liability under the contract. It will be remembered that the policy of the Ætna contained a proviso that in case of any other insurance on the same property, prior or subsequent to the date of its policy, the loss was to be prorated; while the Agricultural policy contained a condition that it should be void in the event of other insurance being obtained on the property without the consent of the company. An important question to determine is, whether the Agricultural policy is other insurance within the meaning of such contracts; for if it is, then the plaintiff cannot recover, because according to his own proof the contract has been completely executed by the defendant in paying over its proportion of the loss.

Those insurance policies which provide for the nullity of contract, in event of other insurance being effected on the same property, without the assent of the company, have never been held to be absolutely null when the contract was all regular upon its face, but merely voidable at the option of the insurer. The object of such clauses in an insurance policy is to prevent over insurance, and the consequent temptation to burn, or lessen the precautions against fire; however, we have nothing to do with the policy or reason for such a condition, but only with the contract when so written. In event of other insurance, is such a

contract a nullity, or is it merely voidable? On reflection, we have decided to follow the view of the Supreme Court of the United States in the case of *Carpenter* v. *Providence Washington Insurance Company*, found in 16 Peters, 508. The case has been much criticised, and in some of the States the rule laid down has not been accepted; but we have no hesitation in following a decision from such an eminent court and jurist, for in speaking of policies containing such conditions, Mr. Justice Story says: "It is not true that because a policy is procured by misrepresentation of material facts it is therefore to be treated in the sense of the law as utterly void *ab initio*. It is merely voidable, and may be avoided by the underwriter upon due proof of facts; but until so avoided it must be treated for all practical purposes as a valid and subsisting policy." Continuing, he says: "But the question is not how the policy may now be treated by the parties, but how was it treated by them at the time when the policy declared on was made?" And this doctrine is followed by the Supreme Court of New York in the case of *Bigler* v. *New York Insurance Company*, 22 N. Y. 402.

We reach the conclusion that the policy in the Agricultural Insurance Company, valid upon its face, and in the hands of the insured at the time of the loss, was not null and void, but merely voidable at the option of the company, and to all intents and purposes it was to be treated as "other insurance," within the meaning of the clause in the defendant's policies, which provides that the company's liability should be in the proportion which the sum insured bore to the whole amount insured. And aside from the contract, this is the general rule governing the settlement of a loss covered by several policies in different companies. (See 2 Wood on Insurance, § 476.) If the plaintiff has suffered a loss, he has no one to blame but himself, for he believed at the time of taking out his policies in the defendant company that he had a valid policy in the Agricultural Insurance Company, and he was of the same opinion, together with the defendant, when he made his proof of loss and adjusted the matter with it.

The motion for a nonsuit should have been sustained, and the judgment of the lower court must therefore be reversed, and the

cause remanded for that purpose, respondent paying costs of this appeal.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.