HARKEY *v.* MECHANICS' & TRADERS' INSURANCE COMPANY.

Opinion delivered April 11, 1896.

CONTRACT—RESCISSION.—Where the assured accepts a sum of money in full settlement of a disputed loss, he cannot rescind the settlement as procured by fraud, without a return of the money received. (BUNN, C. J., dissenting).

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

This was an action at law upon a fire insurance policy. The complaint stated, in substance, the following facts: The defendant insurance company, in consideration of a premium paid to it by the plaintiff, issued on the 30th day of Nov., 1892, a policy of insurance against loss or damage by fire upon the barn and dwelling house of plaintiff, for the term of three years. The amount of the policy was four hundred dollars on the barn, and one hundred and twenty-five on the dwelling. The barn was destroyed by fire on the 19th day of May, 1893, and plaintiff sustained a loss of four hundred dollars.

Afterwards, one Miles, who was sent by the insurance company to adjust the loss, induced plaintiff, in consideration of one hundred dollars, to surrender the policy, and sign an agreement to accept said one hundred dollars in full settlement of said loss. It was alleged that this settlement was procured through the fraudulent statements and dishonest conduct on the part of said Miles; that "said Miles represented to plaintiff that, in swearing to the proof of loss, he had

committed perjury, and that it was the duty of the
defendant company to prosecute him, and send him to
the penitentiary; that he had sworn that no one was
interested in the lands upon which the barn stood except
himself, when, as a matter of fact, one George L. Kim-
ball had a mortgage on it; that he had sworn that there
was no other insurance on the said property, when, in
fact, the plaintiff had insured said property in the Ger-
man Insurance Co. of Freeport, Ill.; that he had for-
feited his policy in divers ways; and that plaintiff could not
recover anything at law,—all of which statements said
Miles knew were false." Plaintiff further alleged "that
the deceitful conduct, false assurances, and cruel threats
of the said Miles frightened him, and so bewildered
and shocked him that he was wholly unable to transact
any business, or formulate a business idea; that said
Miles had made out his proof of loss; and that he, did
not know what construction might be placed upon it,
and felt that he was completely at the mercy of said
Miles, who still claimed to be the friend of the plaintiff,
and said Miles then and there proposed, in order to avoid
trouble, and to prevent this plaintiff from being prose-
cuted for perjury, to pay this plaintiff one hundred
dollars if he would receipt in full for his loss under said
policy, and then and there agreed that, if plaintiff
would accept his propositions, he would suppress the
testimony, and prevent his being prosecuted for a felony,
but stated that the plaintiff must accept the propositions
then and there before he left the store-house, or the
proposition would be withdrawn, and, if it was not
accepted, the defendant company would never pay him
a cent, and would prosecute him to the bitter end."
Under these circumstances, plaintiff accepted the one
hundred dollars, and signed a receipt that it was in full
settlement of the loss suffered by plaintiff from said
fire. The prayer of the complaint was that plaintiff

have judgment for the sum of three hundred dollars, and other relief.

There was a demurrer to the complaint, which was sustained, on the ground that it did not show that plaintiff had returned or offered to return, to defendant the money received on the compromise before commencing his action at law upon the policy. Plaintiff electing to stand upon his complaint, his action was dismissed.

*W. D. Jacoway*, for appellant.

No tender was necessary. The loss was a liquidated demand, and the $100 was only a payment *pro tanto* on the debt. Sand. & H. Dig., sec. 4140. If a person effect a compromise of his debt by fraudulent representations, and procure a discharge of the same by paying a per cent. thereon, and an action be brought to recover the balance, on the ground of fraud, it is not necessary, as a preliminary to the right of recovery, that the plaintiff repay, or offer to repay, the per cent. received. 3 Foster (N. H.), 519; 73 Ill. 303; 109 Ill. 120; 33 N. W. 24; 26 Ark. 604; 55 Ark. 369; 4 Cent. Rep. 35; 20 Conn. 557; 9 B. Mon. 249; 70 N. C. 573; 71 *id.* 70; 67 Barb. 394; 118 Mass. 482; 12 Gray, 341; 8 Am. Rep. 539; 66 N. Y. 609; 9 How. 55. A mere receipt by a creditor of part of his debt then due is not a good defense, by way of accord and satisfaction, to an action for the remainder, although the creditor agreed to receive it in full satisfaction. 1 N. J. 391; 3 Bing. N. C. 454; 7 So. 821. The settlement and release of a claim for insurance on receipt of a sum less than the full amount due on the policy is without consideration, unless it is made as an honest compromise of a disputed demand. 18 N. E. 322; 2 Dan. Neg. Inst., sec. 1289*a;* 55 Ark. 373; 33 *Id.* 572. It is essential to the validity of a release that there be a consideration. 19 Am. & Eng. Enc. Law, p. 744, note; 1 Cowen, 122; 7 *id.* 224. A release procured by

duress is void.   34 Fed. 116; 44 *id*. 631.·  The compromise of a *doubtful* claim will be set aside for fraudulent misrepresentations, or concealment, or imposition amounting to unfair and unconscientious dealing.   26 Am. Dec. 61, and note.   A receipt in full, in consideration of stifling a criminal prosecution, is void.  1 Am. & Eng. Enc. Law, pp. 339 to 404, and notes; 32 Ark. 358.

*S. R. Allen* and *E. W. Kimball*, for appellee.

1.   The complaint is insufficient on its face.

2.   In this case there was a *disputed* claim, a settlement of which cannot be opened and an action brought on the original demand, unless the money paid on compromise be first tendered back.   This is the law.   68 Me. 400; 117 Mass. 470; 61 Fed. 54.

RIDDICK, J., (after stating the facts.)  The only question for us to determine is whether, under the facts as stated in the complaint, it was necessary for the plaintiff to return, or offer to return, the money received by him upon the compromise agreement, before commencing his action at law upon the policy of insurance.

The complaint alleges that one Miles, the agent of the company, claimed that the policy had been forfeited "in divers ways, and that plaintiff could not recover anything at law."   It also alleges that he stated to plaintiff that, if the offer of compromise was not accepted, "the defendant company would never pay him a cent, and would prosecute him to the bitter end." These allegations show that this was a disputed claim. The company, through its agent, asserted that the policy had been forfeited, but offered a compromise, which plaintiff accepted.   He agreed to receive, and did receive, one hundred dollars in full settlement of his claim against the company, and gave his receipt to that effect. He understood the nature and effect of the compromise, and knew the contents of the instrument that he signed.

Under these circumstances, as was said in a similar case by the supreme court of Massachusetts, the settlement and discharge, "although obtained by false and fraudulent representations, constitutes a good defense until rescinded and avoided by a return of, or an offer to return, the money paid by the defendant to obtain it." *Brown* v. *Hartford Fire Ins. Co.*, 117 Mass. 479; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *Vandervelden* v. *Chicago & N. W. Ry.*, 61 Fed. Rep. 54.

This is not a case where a debtor compromises with his creditor by the payment of a part of an undisputed debt in satisfaction of the whole, nor is it a case where a party has been induced by fraud to sign a release of his claim through ignorance of the character and contents of the instrument signed. In each of these cases a different rule would apply. *Reynolds* v. *Reynolds*, 55 Ark. 373; *Mullen* v. *Old Colony Railroad*, 127 Mass. 89. This case rests on the rule that one who receives money or property in consideration of making an agreement, and afterwards seeks to avoid and hold for naught such agreement, must first give back to the other party the consideration received. *Gould* v. *Cayuga Co. National Bank*, 86 N. Y. 75; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *Brown* v. *Hartford Fire Ins. Co.*, *supra*; *Bowden* v. *Spellman*, 59 Ark. 259; *Desha* v. *Robinson*, 17 *id.* 240.

The plaintiff had no right of action at law upon his policy until he had rescinded the agreement annulling such policy by offering to return the money received from defendant upon such agreement.

Our opinion is that, as the facts stated appear in the complaint, the judgment of the circuit court is correct, and it is affirmed; but the judgment of dismissal is without prejudice to a future action.

Bunn, C. J. dissents.