AZILDA PELLETIER *vs.* PHOENIX MUTUAL LIFE INS. CO.

MARCH 23, 1928.

PRESENT: Sweetland; C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This is an action of assumpsit by the beneficiary of a policy of life insurance to recover a balance of $1500 claimed to be due on the policy. The defendant pleaded (1) the general issue, and (2) a written release given by plaintiff to defendant of all claims under the policy. In her replication plaintiff alleged that she was ill and in no condition to transact business; that defendant took advantage of her disability and fraudulently represented that the policy was void because of material misrepresentations made by the insured, whereby she was induced to accept $500 and sign the release, which because of fraud is without consideration as a release for more than $500, and does not bar plaintiff from recovery of the balance due on the policy. The demurrer to the replication was sustained on the ground that plaintiff had not returned or offered to return the $500 which she had received. The exception of plaintiff to this ruling was brought here by a bill of exceptions, which was dismissed as prematurely brought, and the case was remitted to the Superior Court for further proceedings. Thereafter, on motion of the defendant, decision was rendered for defendant for costs. The case is here now on plaintiff's

second bill of exceptions. The only exception is to the decision on the demurrer.

Plaintiff in this action seeks to avoid the release, to be restored to her original rights under the policy and to recover on the original contract as an existent obligation. The replication does not allege a payment or tender to defendant of the consideration received for the release. Plaintiff claims this is not necessary and that she has a right to retain the $500 and credit that amount to defendant. This is not the case of a compromise agreement where the liability is admitted. The pleadings show that there was a controversy on the question of liability and that the payment and execution of the release were intended by the parties to settle this disputed claim.

The general rule supported by the weight of authority is that a release or a contract of settlement of a disputed claim when timely pleaded is a bar to an action on such claim, so long as it is not rescinded or avoided by a return or offer to return the money or other valuable consideration given for it. This is the rule likewise if the release was procured by fraud. *Manhattan Life Insurance Co.* v. *Burke*, 69 Ohio St. 294; *Home Ins. Co.* v. *Howard*, 111 Ind. 544; *Brown* v. *Hartford Fire Ins. Co.*, 117 Mass. 479; *Brainard* v. *Van Dyke*, 71 Vt. 359; *Potter* v. *Monmouth Mut. Fire Ins. Co.*, 63 Me. 440; *Gould* v. *Bank*, 86 N. Y. 75; *Harkey* v. *Mechanics etc. Ins. Co.*, 62 Ark. 274; *Pekin Cooperage Co.* v. *Gibbs*, 114 Ark. 559; *Pangborn* v. *Continental Ins. Co.*, 67 Mich. 683; 12 C. J. 355 and cases cited. A practical reason for the rule is that, if after a trial it should be found there was no liability, the releasor might then retain money of the releasee to which he had no right. There is a recognized exception to the rule when there is no question of the liability and the amount which the releasor has received is due in any event; in that case no tender is necessary. A release procured by fraud is voidable but not void. The releasor may affirm or ratify such a release; if he does not within a reasonable time disaffirm it, he may be barred of

his rights. *Smith* v. *R. I. Co.*, 39 R. I. 146. But the releasor can not treat such a release as valid in part and void in part. He can not affirm the release as valid and operative so far as it is for his benefit, and disaffirm that part which is beneficial to the releasee. Plaintiff had no right of recovery on this policy until she renounced the agreement for a compromise, and made a tender to defendant of the consideration she had received. See *Hearn* v. *Hearn*, 24 R. I. 328. A payment to compromise a disputed claim can not be transmuted into an unqualified admission of liability.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings following decision.

*Joseph T. Witherow*, for plaintiff.

*Elmer E. Tufts, Jr., Edwards & Angell*, for defendant.