[14685. In Bank. — June 9, 1893.]

STOCKTON COMBINED HARVESTER AND AGRICULTURAL WORKS, RESPONDENT, v. GLEN'S FALLS INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE— ACTION UPON PROMISE TO PAY SHARE OF APPRAISED LOSS—
FINDING AGAINST PROMISE. —A cause of action upon an agreement alleged to have been made by an insurance company with the plaintiff, after the amount of plaintiff's entire loss by fire had been appraised by arbitrators, to pay to plaintiff a certain proportionate share of such appraised loss, is distinct from a cause of action upon the policy of insurance; and where the complaint does not state a cause of action upon the policy, but upon the promise of the defendant to pay a share of such appraised loss, a finding that the defendant made no such promise is fatal to a judgment in favor of the plaintiff.

ID. — DEFENSES TO POLICY NOT ALLOWABLE — WAIVER BY AGREEMENT TO PAY. —
In an action upon an agreement to pay a share of the appraised loss, the insurance company is not allowed to set up defenses which might be interposed in an action on the policy, the agreement being a waiver of a breach of all covenants or conditions of the policy, and of all defenses which might have been made except for such waiver.

ID. — IMPLIED PROMISE — AWARD OF APPRAISERS — CONDITION AGAINST WAIVER. —
The rule that the law implies a promise to perform an award under a general submission of a controversy, without an express promise to perform it, has no application when the award is merely of appraisers upon the question of the amount of loss by fire, under insurance policies expressly providing that such appraisement or award should not operate or be taken as a waiver of any provision or condition of the policies.

ID. — ACTIONS — AWARD OF APPRAISERS — EXPRESS PROMISE — ELECTION OF REMEDY — PLEADING — MATERIAL AVERMENT OF AGREEMENT. — No action can be maintained upon an award of appraisers under such limited submission standing alone; but if the insurer has expressly promised to pay it, the insurer may maintain an action either upon the policy, alleging the fact of the award to fix the amount of recovery, or he may sue upon the new agreement to pay it, in which case the averment of the agreement is material and must be proved, and cannot be disregarded, in order to treat the action as if it were upon the policy.

ID. — AWARD WITHOUT HEARING OF PROOFS — FRAUDULENT CONCEALMENT OF BOOKS — VITIATING CONSENT TO AWARD. — Where it appears that the arbitrators did not hear proofs or appoint any time for the parties to be heard upon the matters submitted, and that the award was not made upon the independent judgment of the arbitrators, but under an agreement between the insurance companies and one of the arbitrators, who represented that he had authority to act for plaintiff, by which the award was fixed at ninety thousand dollars, and that the consent to the award was obtained by reason of the concealment of certain books and inventories, which would have shown the amount of the loss to have been much less than the sum fixed by the award, the consent of the insurance companies to the award was vitiated thereby, and the award is not binding upon them.

ID. — FRAUDULENT INDUCEMENT OF CONTRACT. — If fraudulent representations or concealments be such that, had not the fraud been practiced, the contract would not have been made, the fraud is material to the contract; nor is it necessary, to avoid the contract, that the representations or concealments should have been the sole inducement to the contract.

ID. — FRAUDULENT CONCEALMENT BY BOOK-KEEPER — DISOBEDIENCE OF INSTRUCTIONS — FRAUD BINDING UPON CORPORATION. — Where the book-keeper of an insured harvester and agricultural works was instructed by a director of the corporation, who had been appointed as agent to effect a settlement of the loss by fire, to permit the insurance companies to examine all the books relating to the property insured, did, in disobedience of his instructions, intentionally hold back and conceal those containing the inventories of material and estimate of cost made by himself under direction of the insured, and the agent of the corporation thereupon informed the insurers that the officers of the corporation did not know of any books containing the cost of construction, or the amount of such cost, whereupon the insurers consented to an award of an amount of loss exceeding the cost of the property, which they would not have consented to had they seen the books thus concealed, the fraud of the book-keeper binds the corporation, and the consent to the award was thereby vitiated, and it is immaterial whether such inventories did or did not contain a correct statement of the cost or value of the property thus inventoried.

ID. — FRAUD OF AGENT, WHEN BINDING UPON PRINCIPAL — DISOBEDIENCE OF IN-
STRUCTIONS — BENEFIT TO PRINCIPAL. — A principal is bound by the acts,
omissions, or frauds of his agent when acting within the scope of his em-
ployment, though he may have disobeyed the instructions received, and can-
not be permitted to derive any advantage from the fraud of the agent in the
manner of transacting the business of the principal, upon the claim that the
fraudulent conduct was not authorized, and that the principal was innocent of
the fraud.

ID. — FINAL JUDGMENT. — There can be but one final judgment in an action, and
that is one which ends the suit in the court in which it is entered, and finally
determines the rights of the parties in relation to the matter in controversy.

INTERMEDIATE JUDGMENT DENYING RELIEF UPON CROSS-COMPLAINT — APPEAL —
DISMISSAL. — An intermediate judgment denying relief upon a cross-complaint,
purporting to dispose of only one of the defenses to the action, is irregular as
a judgment, and is not a final judgment from which an appeal can be taken,
and an appeal therefrom before the rendition of final judgment in the action
will be dismissed.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from a decree denying to defendant the
relief demanded in its cross-complaint.

The facts are stated in the opinion of the court.

*T. C. Van Ness, Paul W. Bennett,* and *James H. Budd,* for
Appellant.

The action is not upon the policy, but is to recover upon an
alleged adjustment and promise to pay based upon such adjust-
ment. In a suit upon the policy it would have been necessary
to have averred that the loss did not occur from any of the
excepted causes (*Pelican Fire Ins. Co.* v. *Troy Ass'n,* 77 Tex.
225; *Clark* v. *Phœnix Ins. Co.,* 36 Cal. 168, per Justice
Sprague, pp. 177, 178; Abbott's Trial Evidence, sec. 18, p.
488; *Cory* v. *Boylston F. & M. Ins. Co.,* 9 Am. Rep. 14),
and that sixty days had elapsed since full compliance with
policy conditions. (*Doyle* v. *Insurance Co.,* 44 Cal. 264; *Mc-
Cormack* v. *Insurance Co.,* 78 Cal. 468.) The right of action
became merged into that upon the promise to pay the amount
of the award, and the company could not thereafter defend
because of a breach of the condition, nor could the insured
sue upon the policy. (*Saville* v. *Ætna Ins. Co.,* 8 Mont. 419;
*Smith* v. *Glen's Falls Ins. Co.,* 62 N. Y. 85; *Stache* v. *St.
Paul Ins. Co.,* 49 Wis. 89; 35 Am. Rep. 772; *Godchaux*
v. *Merchants' Ins. Co.,* 34 La. An. 235; *Farmers' etc. Ins. Co.*

v. *Chesnut,* 50 Ill. 111; *Illinois Ins. Co.* v. *Archdeacon,* 82 Ill. 236; 25 Am. Rep. 213.) The contention of the plaintiff in his pleadings, sustained by the court, having been to cut the defendant off from defenses upon which it would otherwise have had the right to be heard, the plaintiff is estopped from afterwards asserting that the action was upon the policy. A party is bound by his election as to the character of his pleading, and will not be permitted to occupy inconsistent positions in relation thereto. (*Gale* v. *Tuolumne Water Co.,* 14 Cal. 26; *Lattimer* v. *Ryan,* 20 Cal. 628; *Patterson* v. *Keystone M. Co.,* 30 Cal. 366, 367; *Wingard* v. *Banning,* 39 Cal. 550; *Himmelmann* v. *Sullivan,* 40 Cal. 125; *Vandall* v. *South San Francisco Dock Co.,* 40 Cal. 92; *McAbee* v. *Randall,* 41 Cal. 136; *Hawkins* v. *Roberts,* 45 Cal. 38; *Hagar* v. *Supervisors of Yolo Co.,* 47 Cal. 230; *Lawrence* v. *Ballou,* 50 Cal. 258; *Donner* v. *Palmer,* 51 Cal. 629; *Shain* v. *Belvin,* 79 Cal. 262.) An award of the character alleged and found does not give a right of action. (*Soars* v. *Home Ins. Co.,* 140 Mass. 343.) The award was invalidated because of the failure of the arbitrators to take testimony as to the amount of the loss and to hear the parties upon the matters submitted, or to appoint any time or place of meeting at which they could be heard. (*Curtis* v. *Sacramento,* 64 Cal. 102; Morse on Arbitration and Award, pp. 117–119; Russell on Arbitrators, p. 230; *Taber* v. *Jenny,* 1 Sprague, 315; *Methodist Espicopal Church* v. *Seitz,* 74 Cal. 287.) Under the terms of the policy the defendant was entitled to knowledge of the actual cost of the property destroyed. (*Commonw. Ins. Co.* v. *Sennett,* 37 Pa. St. 205; *Brinley* v. *National Ins. Co.,* 11 Met. 195; *Ætna Ins. Co.* v. *Johnson,* 11 Bush. 587; 5 Bennett's Fire Cas. 796; *Hedger* v. *Union Ins. Co.,* 17 Fed. Rep. 498; *Niblo* v. *North American Ins. Co.,* 1 Sand. 551; *Fisher* v. *Crecent Ins. Co.,* 17 Ins. Law J. 712; 3 Sutherland on Damages, p. 86.) The defendant having applied to the plaintiff for information as to the cost and value of the property, had a right to rely upon its statements, and was not compelled to look further. (*Senter* v. *Senter,* 70 Cal. 619; *Mead* v. *Bunn,* 32 N. Y. 280; *David* v. *Park,* 103 Mass. 501; *McClellan* v. *Scott,* 24 Wis. 87; *Hale* v. *Philbrick,* 42 Iowa, 81; *Starkweather* v. *Benjamin,* 32 Mich. 305; *Upshaw* v. *Debow,*

7 Bush, 442; *Walsh* v. *Hall*, 66 N. C. 233; *Oswald* v. *Mc-Gehee*, 28 Miss. 340; *Spalding* v. *Hedges*, 2 Barr. 240; *Dodge* v. *Pope*, 93 Ind. 480; *Parkham* v. *Randolph*, 4 How. [Miss.] 435.) If upon an arbitration, books which would show a smaller loss than that allowed are purposely withheld, the award is fraudulently obtained and will be set aside. (*Cutting* v. *Carter*, 29 Vt. 72; *Ocean Ins. Co.* v. *Fields*, 2 Story, 59; *South Sea Co.* v. *Bumstead*, 2 Eq. Cas. Abr. 80; *Mitchell* v. *Harris*, 2 Ves. Jr. 129 *a; Metcalf* v. *Ives*, 1 Atk. 63; *Gartside* v. *Gartside*, 3 Anstr. 735.) If information which would influence the arbitrator is withheld, the award will be annulled. (*Teal* v. *Bilby*, 123 U. S. 572.) If the fraud be such that had it not been practiced the contract would not have been made, or the transaction completed, it is material (*McAleer* v. *Horsey*, 35 Md. 452), and the misrepresentation need not form the sole inducement for entering into the contract. (2 Pomeroy's Equity Jurisprudence, 890; 2 Parsons on Contracts, 5th ed., 773; *Safford* v. *Grout*, 120 Mass. 20; *Fishback* v. *Miller*, 15 Nev. 428; *Winter* v. *Bandel*, 30 Ark. 363 [373]). As it was not possible for the directors personally to give up the demanded books, but it was *ex necessitate rei* the duty of Palmer, his act in withholding them was the act of his principal. (*Pittsburg C. & S. L. R. R. Co.* v. *Keokuk & H. Bridge Co.*, 131 U. S. 371; *Denver R. R. Co.* v. *Harris*, 122 U. S. 597; *National Bank* v. *Graham*, 100 U. S. 699; *Atlantic Mills* v. *Indian Orchard Mills*, 9 Am. St. Rep. 698; *Hussey* v. *Norfolk Southern R. R. Co.*, 2 Am. St. Rep. 313.) This contention that Palmer was directed to show all the books, and that in disobeying this order he acted not within, but without the scope of his authority, is without merit, as the corporation through the agency of Palmer; and if he did a wrongful act from which injury has resulted, his principal, and not the person deceived, is responsible therefor. (*Hern* v. *Nichols*, 1 Salk. 289; *Farmers' etc. Bank* v. *Butchers' etc. Bank*, 16 N. Y. 125; 69 Am. Dec. 678; *Griswold* v. *Haven*, 25 N. Y. 595; 82 Am. Dec. 380; *Henderson* v. *San Antonio R. R. Co.*, 17 Tex. 560; 67 Am. Dec. 675.) Independently of the plaintiff's original responsibility for Palmer's fraudulent acts, it seeks in this suit to enforce a liability which, as found by the court, is based upon the re-

sult of those very acts. Accepting the beneficial result of Palmer's fraud, it is charged with the burden thereof. (*Bennett v. Judson*, 21 N. Y. 239; *Brown v. Bonner*, 8 Leigh, 1; *Henderson v. San Antonio R. R. Co.*, 17 Tex. 560; 67 Am. Dec. 675; *Brock v. Pearson*, 87 Cal. 581; *Stirling v. Vaughan*, 11 East, 623; *United States v. Dandridge*, 12 Wheat. 64; *Pitts v. Shubert*, 30 Am. Dec. 718; *Kelsey v. National Bank*, 69 Pa. St. 426. See also *Hopkins v. Snedaker*, 71 Ill. 449; *Livingston v. Strong*, 107 Ill. 295; *Lee v. Pearce*, 68 N. C. 76; *Gregory v. Schoenell*, 55 Ind. 101; *St. John v. Hendrickson*, 81 Ind. 350; *Southern Life Ins. Co. v. Lanier*, 58 Am. Dec. 448; *Jackson v. Jackson*, 47 Ga. 99; *Evans v. Foreman*, 60 Mo. 449.) That this suit for the enforcement of results based upon Palmer's misconduct is an adoption of his acts, I cite, in addition to the foregoing cases, Mecham on Agency, section 151.

*Baldwin & Campbell*, and *W. L. Dudley*, for Respondent.

Discrepancy between an estimate or proofs of loss and the actual loss is not fraudulent, unless there has been a wilful and intentional attempt to cheat and defraud. (*Clark v. Phœnix Ins. Co.*, 36 Cal. 171; *Helbing v. Svea Ins. Co.*, 54 Cal. 156; 35 Am. Rep. 72; *Daul v. Firemen's Ins. Co.*, 35 La. An. 98; *Titus v. Glen's Falls Ins. Co.*, 81 N. Y. 410; *Tiefenthal v. Citizens' Mut. F. Ins. Co.*, 53 Mich. 306, 309; *Merrill v. Insurance Co.*, 23 Fed. Rep. 245; *Mack v. Lancashire Ins. Co.*, 2 McCrary, 211; *Emerson v. Udall*, 13 Vt. 484; 37 Am. Dec. 604.) The award of the arbitrators is presumptively valid, and all intendments are in its favor. (*Green v. Franklin*, 1 Tex. 497; *Thompson v. Blanchard*, 2 Iowa, 44; *Tomlinson v. Tomlinson*, 3 Iowa, 575; *Tomlinson v. Hammond*, 8 Iowa, 40; *Fudecker v. Guardian Mut. L. Ins. Co.*, 5 Jones & S. 358; *Liverpool etc. Ins. Co. v. Goehring*, 99 Pa. St. 13; *Root v. Renwick*, 15 Ill. 461; *Merritt v. Merritt*, 11 Ill. 565; *Allen v. Hiller*, 8 Ind. 310; *Carter v. Sams*, 4 Dev. & B. 182; *Young v. Kinney*, 48 Vt. 22; *Phipps v. Tompkins*, 50 Ga. 641.) The award cannot be avoided for error or for excessive amount, except by proof of fraud or mistake. (*Callant v. Downey*, 2 Marsh. J. J. 346; *West Jersey R. R. Co. v. Thomas*, 23 N. J. Eq. 431; *Fowler v. Jackson*, 86 Ga. 337;

*Brown* v. *Bellows,* 4 Pick. 192.)    Proof of fraud to avoid an award must be clear and distinct.    (*Overby* v. *Thrasher,* 47 Ga. 10; *Hardeman* v. *Burge,* 10 Yerg. 202; *Dougherty* v. *Mc-Whorter,* 7 Yerg. 239; *Atkinson* v. *Townley,* 1 N. J. L. 388; *McDowell* v. *Thomas,* 4 Neb. 542.)   Subsequent discovery of the books of Palmer is no ground for setting aside the awards. (*Adams* v. *Hubbard,* 25 Gratt. 129; *Allen* v. *Ranney,* 1 Conn. 569; *Elliott* v. *Adams,* 8 Blackf. 103; *Aubel* v. *Ealer,* 2 Binn. 582; *Todd* v. *Barlow,* 2 Johns. Ch. 551; *Daniels* v. *Willis,* 7 Minn. 374; *Thompson* v. *Blanchard,* 2 Iowa, 44; *Tomlinson* v. *Tomlinson,* 3 Iowa, 575.)   Misrepresentation as to matter of opinion, or matter equally within the means of knowledge of both parties, will not entitle to relief against a contract.   (1 Story on Equity Jurisprudence, sec. 197; *Insurance Co.* v. *Reed,* 33 Ohio St. 283; *Slaughter* v. *Gerson,* 13 Wall. 383; *Long* v. *Warren,* 68 N. Y. 432.)   The complaint is sufficient to sustain the judgment whether it be regarded as upon the policy or upon the award.   (*Daniels* v. *Andes Ins. Co.,* 2 Mont. 78; *Simmons* v. *Insurance Co.,* 8 W. Va. 474; *East Texas Fire Ins. Co.* v. *Dyches,* 56 Tex. 565; Wood on Fire Insurance, 285; *Clay Fire & M. Ins. Co.* v. *Wusterhausen,* 75 Ill. 285; *Pierce* v. *Charter Oak L. Ins. Co.,* 138 Mass. 151; *Tripp* v. *Vermont L. Ins. Co.,* 55 Vt. 100; *Hunt* v. *Hudson River Fire Ins. Co.,* 2 Denio, 481; *Rucker* v. *Green,* 15 East, 288; *Lingenfelter* v. *Phœnix Ins. Co.,* 19 Mo. App. 264; *Cassacia* v. *Phœnix Ins. Co.,* 28 Cal. 630; *Butterworth* v. *Western Assur. Co.,* 132 Mass. 489; *Norwich & N. Y. T. Co.* v. *West Massachusetts Ins. Co.,* 34 Conn. 561; *Allegre* v. *Maryland Ins. Co.,* 6 Har. & J. 408; *Columbia Ins. Co.* v. *Catlett,* 12 Wheat. 392, 393.)   No promise to pay was required.   (*Smith* v. *Porter,* 35 Me. 287; *Parsons* v. *Aldrich,* 6 N. H. 264; *Plummer* v. *Morrill,* 48 Me. 184.)

*J. C. Campbell,* also for Respondent.

In a complaint upon the policy alleging that the amount has been adjusted either by an award or by an adjustment, it is not necessary to allege that the loss did not occur from any of the excepted causes.   (*Tischler* v. *C. F. M. F. Ins. Co.,* 66 Cal. 179; *Cassacia* v. *Phœnix Ins. Co.,* 28 Cal. 630; *Kentucky etc. Mut.*

*Ins. Co.* v. *Southard,* 8 Mon. B. 634; *Ferriss* v. *N. A. L. Ins. Co.,* 1 Hill, 71; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 635; *Dennis* v. *Union Mut. Life Ins. Co.,* 84 Cal. 571, 572; May on Insurance, 3d ed., p. 581.) The award was valid, and had the same effect as a judgment, adjudicating the same matters between the parties.   (2 Black on Judgments, sec. 526 ; *Pease* v. *Whitton,* 31 Me. 117; *Rogers* v. *Holden,* 13 Ill. 293; *Brown* v. *Wheeler,* 17 Conn. 345; 44 Am. Dec. 550; *Doe* v. *Prosser,* 3 East, 15; *Muirhead* v. *Kirkpatrick,* 2 Pa. St. 425 ; *Wright* v. *Bolten,* 8 Ala. 548; *Veghte* v. *Hoagland,* 29 N. J. L. 125; *Morse* v. *Bishop,* 55 Vt. 231; *Groat* v. *Pracht,* 31 Kan. 656; *The Union,* 20 Fed. Rep. 539.)   It cannot be attacked collaterally (1 Black on Judgments, sec. 249; *Morse* v. *Bishop,* 55 Vt. 231; *Jocelyn* v. *Donnel,* 1 Peck, 274; 14 Am. Dec. 753); nor does it affect the conclusiveness of an award or a judgment that it was rendered by consent.   (1 Black on Judgments, secs. 16, 319; 2 Black on Judgments, sec. 705; *McCreery* v. *Fuller,* 63 Cal. 30, and authorities cited in said opinion.)   As the plaintiff was ignorant of Palmer's acts, it is not bound by a subsequent ratification of them.   (*Bannon* v. *Warfield,* 42 Md. 22; *Adams Express Co.* v. *Trego,* 35 Md. 47; *Hardeman* v. *Ford,* 12 Ga. 205; *Billings* v. *Morrow,* 7 Cal. 171; 68 Am. Dec. 235; *Pittsburg & S. R. R. Co.* v. *Gazzam,* 32 Pa. St. 340; *Kerr* v. *Sharp,* 83 Ill. 199; *Stein* v. *Kendall,* 1 Ill. App. 103; *Ritch* v. *Smith,* 82 N. Y. 627.)   The acts of Palmer, not being within the scope of his employment, were not binding upon the plaintiff.   A principal is not liable for the wrongs and torts of his agent committed outside his authority.   (*Dally* :. *Young,* 3 Ill. App. 39; *Harris* v. *Nicholas,* 5 Munf. 483; *Wilson* v. *Peverly,* 2 N. H. 548; *McClenaghan* v. *Brock,* 5 Rich. 18; 1 Beach on Private Corporations, p. 330; 2 Spelling on Private Corporations, sec. 756; Mecham on Agency, sec. 742.)   The case in equity and justice must stand exactly as if the books did not exist or as if the defendant had made a full examination of them in the first place.   The directors are not supposed to know the contents of books such as it is alleged Palmer had and kept. (1 Morawetz on Private Corporations, sec. 570; *Wakeman* v. *Dalley,* 51 N. Y. 27–32; 10 Am. Rep. 551; *Arthur* v. *Griswold,* 55 N. Y. 400–406.)

*S. D. Woods*, also for Respondent.

It is immaterial whether the action is upon the policy or upon the award, if the plaintiff has stated facts sufficient to entitle him to any relief. (*Grain* v. *Aldrich*, 38 Cal. 520; 99 Am. Dec. 423; *Crary* v. *Goodman*, 12 N. Y. 266; 64 Am. Dec. 506; *New York Ice Co.* v. *Northwestern Ins. Co.*, 23 N. Y. 357; *Darst* v. *Rush*, 14 Cal. 82; Pomeroy's Remedies, sec. 7173.) It is conceded that the plaintiff had a right of action upon the adjusted loss and the promise to pay the same, and therefore a good cause of action is stated in the complaint. (*Smith* v. *Glen's Falls Ins. Co.*, 62 N. Y. 85; *Stache* v. *St. Paul Ins. Co.*, 49 Wis. 89; 35 Am. Rep. 772; *Godchaux* v. *Merchants' Ins. Co.*, 34 La. An. 235; *Farmers' etc. Ins. Co.* v. *Chesnut*, 50 Ill. 111; 99 Am. Dec. 492; *Illinois Ins. Co.* v. *Archdeacon*, 82 Ill. 236; 25 Am. Rep. 313; 1 Chitty on Pleading, p. 358.) The plaintiff is not responsible for the failure and neglect of E. P. Palmer to exhibit the books and memoranda to the adjusters of the defendant and the other insurers, because his act was a wilful and deliberate violation of his special instructions, his agency in the matter being a special and limited one. (*Johnson* v. *Barber*, 5 Gilm. 425; *Gass* v. *Coblens*, 43 Mo. 377; *Bank* v. *Gregg*, 14 N. H. 331; *Smith* v. *Tracy*, 36 N. Y. 79; *McDonald* v. *Todd*, 1 Grant Cas. 17; *Hunter* v. *State*, 1 Head, 160; 73 Am. Dec. 164; *Milwaukee R. R. Co.* v. *Finney*, 10 Wis. 388; *United States* v. *Williams*, 1 Ware, 175; *Sandford* v. *Handy*, 23 Wend. 260; *Hurlburt* v. *Kneeland*, 32 Vt. 316; *Kirkpatrick* v. *Winans*, 16 N. J. Eq. 407; *Richoux* v. *Mayer*, 29 La. An. 828; *Dows* v. *Greene*, 16 Barb. 72; *Cruzan* v. *Smith*, 41 Ind. 288; *Lewis* v. *Commissioners*, 12 Kan. 186; *Cosgrove* v. *Ogden*, 49 N. Y. 257; 10 Am. Rep. 361; *Tucker* v. *Jerris*, 75 Me. 184; *Thayer* v. *Boston*, 19 Pick. 511; 31 Am. Dec. 157; *Lowell* v. *Boston & Lowell R. R.*, 23 Pick. 24; 34 Am. Dec. 33; *Moore* v. *Fitchburg R. R.*, 4 Gray, 465; 64 Am. Dec. 83; *Isaacs* v. *Third Avenue R. R. Co.*, 47 N. Y. 122; 7 Am. Rep. 418; *Stephenson* v. *Southern Pacific Co.*, 93 Cal. 558. Also see *Henry* v. *Heeb*, 5 Am St. Rep. 618, notes; *British Mut. B. Co.* v. *Railway Co.*, 38 Eng. Rep. 569, notes; *Bickford* v. *Merrier*, 26 Cent. L. J. 239, notes; article on "Agent's or Servant's Frauds" in

26 Cent. L. J. 465; Civ. Code, sec. 2338.) The finding that after the award was made no express covenant was made to pay the amount found due, is not against the plaintiff, as an express promise was not necessary, a promise being implied upon which an action of assumpsit may be maintained. (Morse on Arbitration and Award, p. 578; *Purslow* v. *Baily*, 2 Raym. Ld. 1039; *Hodsden* v. *Harridge*, 2 Saund. 62 *b*, note; *Tilford* v. *French*, 1 Sid. 160; *Squire* v. *Grevett*, 6 Mod. 34; 2 Raym. Ld. 961; *Lupart* v. *Welson*, 11 Mod. 171; *Woodbury* v. *Northy*, 3 Greenl. 85; *North Yarmouth* v. *Cumberland*, 6 Greenl. 21; *Blanchard* v. *Murray*, 15 Vt. 548; Russell on Awards, 3d ed., p. 506; Caldwell on Arbitration, p. 387, et seq.; 6 Wait's Actions and Defenses, p. 551; *Parsons* v. *Aldrich*, 6 N. H. 264; *Whitcher* v. *Whitcher*, 49 N. H. 180, 181; 6 Am. Rep. 486; *Bayne* v. *Morris*, 1 Wall. 97.) An express promise need neither be alleged nor proved, and if alleged need not be proved. The court is entitled from the evidence to find an implied promise. (*De La Guerra* v. *Newhall*, 55 Cal. 21.) An award cannot be impeached because the arbitrators did not take evidence, if this was known to the defendant at the time the award was made and he did not object. (*Willingham* v. *Harrell*, 36 Ala. 583; *McRae* v. *Bucks*, 2 Stewt. & P. 155; *Hall* v. *Morris*, 30 Tex. 280; *Hoogs* v. *Morse*, 31 Cal. 128; *Cromwell* v. *Owings*, 6 Har. & J. 10; *Christman* v. *Moran*, 9 Pa. St. 487; *McCord* v. *Scott*, 4 Watts, 11; *Rector* v. *Hunter*, 15 Tex. 380; *McDaniel* v. *Bell*, 3 Hayw. [Tenn.] 258; *Estice* v. *Cockerell*, 26 Miss. 127; *Fox* v. *Hazelton*, 10 Pick. 275; *Hite* v. *Hite*, 1 Mon. B. 177; *Plumer* v. *Wausau Broom Co.*, 40 Wis. 449; *Gaines* v. *Clark*, 23 Minn. 64.) An award will not be set aside for overvaluation, unless fraud, clear mistake, or corruption is proved. (*Brown* v. *Bellows*, 4 Pick. 179–192; *Todd* v. *Barlow*, 2 Johns. Ch. 551.) The plaintiff having acquiesced in the awards after knowledge of the fact, the awards became binding upon both parties, and the plaintiff was entitled to recover upon the awards. (*George* v. *Johnson*, 45 N. H. 456; *McGehee* v. *McGehee*, 12 Ala. 83; *Humphreys* v. *Gardner*, 11 Johns. 61; *Sears* v. *Vincent*, 8 Allen, 507.) As an award is as conclusive upon the parties as a judgment, and ends the litigation in the original case effectively, it follows that upon non-performance of the award an

act on for specific performance will lie at once. When money is awarded a demand is not even necessary unless required by the award itself. (Morse on Arbitration and Award, sec. 546; *Thompson* v. *Mitchell*, 35 Me. 281; *Plummer* v. *Morrill*, 48 Me. 184; *Parsons* v. *Aldrich*, 6 N. H. 264; *Nichols* v. *Renssellear Ins. Co.*, 22 Wend. 125; *Wilkes* v. *Cotter*, 28 Ark. 519; *Kingsley* v. *Bill*, 9 Mass. 197; *Carnochan* v. *Christie*, 11 Wheat. 446; *Webb* v. *Zeller*, 70 Ind. 408.) An award will never be set aside by a party benefited by it, and the plaintiff must show, not only a sufficient cause for setting it aside, but also injury, to entitle him to relief. Every presumption is in favor of the correctness of an award of arbitrators. (*Thompson* v. *Blanchard*, 2 Iowa, 44; *Tomlinson* v. *Tomlinson*, 3 Iowa, 575; *Tomlinson* v. *Hammond*, 8 Iowa, 40; *Pomeroy* v. *Kibbee*, 2 Root, 149; *Daniels* v. *Willis*, 7 Minn. 374; *Gudgell* v. *Pettigrew*, 26 Ill. 305; *Galvin* v. *Thompson*, 13 Me. 367; *Boston* v. *Brazer*, 11 Mass. 447; *Warfield* v. *Holbrook*, 20 Pick. 531; *Plummer* v. *Sanders*, 55 N. H. 23; *Penniman* v. *Patchin*, 6 Vt. 325.)

DE HAVEN, J. — The complaint in this case alleges in substance the issuance of a policy by the defendant insuring plaintiff in an amount not exceeding $2,500 against loss by fire upon certain described property, and that plaintiff had other insurance upon the same and other property, all of which insurance aggregated $127,000; that during the term of such insurance the said insured property was greatly damaged and partially destroyed by fire, and immediately after such fire plaintiff, in accordance with the terms of its policies, presented to defendant and all its other insurers, jointly, proofs of its loss, and claim for damages sustained thereby. The complaint further alleges that plaintiff and its insurers were unable to agree upon the amount of plaintiff's damage, "and under and in accordance with the terms and conditions of said policies" the question of the amount of such loss was submitted to the arbitrament of two persons, who, being unable to agree, selected an umpire, as they were authorized to do, and that said arbitrators investigated plaintiff's claim of loss and decided and reported to plaintiff and its insurers that the amount of plaintiff's loss was $90,000, "and thereupon said loss was adjusted at

$90,000, and the said defendant and the said other insurers agreed to pay, and plaintiff herein agreed to accept said sum of $90,000 in full settlement of said loss." The complaint then alleges that the proportionate amount of that sum to be paid by defendant was and is $1,859.25, and that defendant promised and agreed to pay the same to plaintiff on or before December 31, 1888, and demands judgment against defendant for that sum and costs. The defendant answered, and also filed what it termed a cross-complaint, in which cross-complaint defendant asked upon grounds, which will be hereafter noticed, that the award or decision of the arbitrators should be annulled. The issues arising upon this cross-complaint and plaintiff's answer thereto were tried first, and the court filed its findings of fact and conclusions of law, denying the prayer of defendant's cross-complaint, and, thereupon, on December 19, 1890, the other issues in the case being undisposed of, entered a decree to the effect that defendant take nothing by reason of the matters alleged in its cross-complaint, "and that the cause proceed to trial upon the complaint and answer thereto." Thereafter the defendant filed an amended answer, in which it denied, among other things, the appointment of the umpire named in the complaint, and further denied that any of the arbitrators named in the complaint, investigated, determined, or reported the amount of plaintiff's loss to be $90,000, or any other sum, and denied that plaintiff's insurers ever agreed jointly to pay plaintiff $90,000, or any other sum, or that defendant ever agreed to pay plaintiff $1,859.20, or any other sum, as its proportion of plaintiff's loss. The court found all the allegations of plaintiff's complaint to be true, except those relating to the promise of defendant and the other insurers to pay the amount of the award referred to in the complaint, and in relation to this the court found: —

"9. That after said awards were rendered neither the defendant nor the other insurers ever expressly covenanted, agreed, or promised with the plaintiff as an adjustment of said loss to pay to said plaintiff the sum of $90,000, or any other sum"; and,—

"11. That after said award had been made, defendant never expressly promised or agreed to pay to plaintiff $1,859.25, or any other sum."

Upon these findings, the court on January 7, 1891, entered a judgment for plaintiff in accordance with the prayer of its complaint. The defendant appeals both from this judgment and the so-called decree of December 19, 1890, denying to defendant the relief demanded in its cross-complaint.

1. The judgment cannot be sustained upon the findings. The cause of action stated in the complaint is not upon the policy of insurance issued by defendant to plaintiff, nor upon an award in the nature of a judgment fixing the liability of defendant upon such policy, but is upon an agreement alleged to have been made by defendant with plaintiff after the amount of plaintiff's entire loss had been appraised by arbitrators, and by which agreement it is alleged that defendant promised to pay to plaintiff a certain proportionate share of such appraised loss. (*Saville* v. *Ætna Ins. Co.*, 8 Mont. 419; *Wagner* v. *Insurance Co.*, 143 Pa. St. 338.)

The finding of the court that such alleged agreement was never made is fatal to the judgment upon this appeal. The distinction between the cause of action stated in this complaint, or an action upon an award fixing the liability of an insurer under an insurance contract, and a cause of action upon a policy of insurance, is marked and important, not only by reason of the difference in the facts required to be shown in order to maintain the different actions, but also because of the fact that in an action like this the defendant is cut off from defenses which might be interposed to an action upon the policy. "Where an insurance company, after a loss, has adjusted the claim therefor, and has agreed to pay a certain sum in liquidation of the claim, it cannot in an action setting forth such facts, object that the action was not brought within the time limited in the policy. In such a case the action is not upon the policy, but upon the agreement to pay. Neither in such a case can it set up a breach of warranty, or of any of the conditions of the policy in defense, for adjusting the loss and promising to pay it is a waiver of all breaches on the part of the assured, and of all defenses which might have been made, except for such waiver." (2 Wood on Fire Insurance, sec. 450; *Smith* v. *Glen's Falls Ins. Co.*, 62 N. Y. 85; *Saville* v. *Ætna Ins. Co.*, 8 Mont. 419; *Stache* v. *St. Paul Ins. Co.*, 49 Wis. 89; 35 Am. Rep. 772; *Wagner* v. *Insurance Co.*, 143 Pa. St. 338.)

The plaintiff claims, however, that it was not necessary for the court to find an express promise on the part of defendant to pay the award referred to in the complaint, because such promise is implied as a matter of law. But this is only true in the case of an award following a general submission of some controversy. In an action upon such an award, which is in the nature of an adjudication of the rights and liabilities of the parties thereto, it is not necessary to allege or prove that the defendant expressly promised to perform the award, for the law implies the promise to perform from the fact of such general submission. (*Robinson* v. *Templar Lodge*, 97 Cal. 62; *Valentine* v. *Valentine*, 2 Barb. Ch. 430.) But this is not such a case. The complaint does not allege any such general submission for the purpose of determining the liability of defendant upon the policy issued by it, nor does the court find the fact of any such submission or award. On the contrary, the complaint alleges that the matter submitted to the arbitrators was the question of the amount of the loss sustained by plaintiff, and the court so finds. In addition to this, the record shows that in the submission itself there was an express provision to the effect that the appraisement or award to be made thereunder should not operate or be taken as a waiver by the insurance companies, or any of them, of any provision or condition of their policies. An award in pursuance of such a submission does not fix the liability of the insurer to pay under the policy, but only determines the amount to be paid in the event that there is any liability at all, and no action can be maintained upon an award of this character, standing alone. (*Soars* v. *Home Ins. Co.*, 140 Mass. 343; *Whipple* v. *North British Ins. Co.*, 11 R. I. 139; 2 Wood on Fire Insurance, sec. 450.)

After an award has been made under such a limited submission, and the insurer has expressly promised to pay it, the insured may maintain an action, either upon the policy alleging the fact of the award for the purpose of fixing the amount of the recovery, or he may sue upon the new or subsequent agreement to pay, in which latter case the fact of the agreement is material, and must be proven.

It is urged, however, in one of the briefs filed in behalf of

p'aintiff, that this action can be treated, not only as based upon the award, but "also upon the policy, so far as the policy forms the foundation and basis of the award." The argument is in effect that the allegation of the complaint regarding defendant's express promise to pay its proportion of the award may be disregarded, and in that event the finding of the court that such agreement was not made would not be material; but we are not at liberty to construe the complaint as if this allegation did not appear therein. The matter alleged is not superfluous and without any relation to other parts of the complaint, but it is material, giving precision to the cause of action alleged, and showing that the complaint states a cause of action upon the new agreement, and not upon the policy.

2. The real question in the case, and which may become important upon another trial, if the complaint should be so amended as to state a cause of action upon the policy of insurance, and the evidence should be in accordance with the special findings contained in this record, relates to the binding force of the award given by the arbitrators selected to appraise the amount of plaintiff's loss. The defendant alleges in its cross-complaint that this award was not the result of the judgment of the arbitrators, but was based solely upon the consent or agreement of the insurance companies to the effect that the arbitrators might fix the amount of plaintiff's loss, in the sum stated in such award, without any examination, and without the exercise of any judgment of their own. The defendant further alleges that such consent was obtained by reason of plaintiff's fraudulent concealment of certain books and inventories in its possession, and which would have shown the amount of its loss to have been much less than the sum fixed in the award. The submission to arbitration grew out of the fact that plaintiff and the insurance companies were unable to agree upon the amount of damage sustained by plaintiff, and undoubtedly contemplated that the award when made should be the result of the honest judgment of the arbitrators, after a full examination and investigation of the matters upon which the award was to be made, and after due consideration of all the proofs which should be submitted to them by the parties to the submission. The court does find that after such submission the arbitrators pro-

ceeded to make such investigation, and made their decision and award under oath, as required by the terms of the submission; but the court also made special findings in conflict with this general finding, and to the effect that the arbitrators did not hear the proofs or appoint any time for the parties to be heard in relation to the matters submitted, and that in making the award they did not exercise any independent judgment of their own, and that the award was made under an agreement between the insurance companies and one of the arbitrators, who represented that he had authority to act for the plaintiff in the matter, and by which agreement the loss of plaintiff was fixed at $90,000, and the arbitrators authorized to render an award for that amount. If the facts are as stated in these specific findings, it is clear that the award can have no greater force than the agreement upon which it is based, and, if the consent of defendant and the other insurers to such agreement was not fairly obtained, then the award is not binding upon defendant.

The policy issued by defendant was upon a stock of agricultural implements manufactured and in process of construction by plaintiff, and the agreement of defendant was to make good to plaintiff such immediate damage to the property insured as might be caused by fire, the loss or damage to be estimated according to the actual cash value of the property, not exceeding the cost of replacement; and it was further agreed that in case of loss the plaintiff would, if required, produce and exhibit for examination by defendant its books of accounts and other vouchers. It will be easily perceived that this provision of the policy in relation to the production of books and vouchers was one of very great importance to the defendant, and was intended to aid the defendant in ascertaining the cost or value of the property insured in case of its destruction by fire; and the court below found that after the plaintiff had made its claim for the loss alleged to have been sustained by it, the defendant and the other insurance companies "requested an inspection of the books of the corporation plaintiff, for the alleged and avowed purpose of ascertaining the amount of plaintiff's loss and damage by said fire"; and thereupon one Shippee, a director of plaintiff, who had been appointed as its agent to effect a settlement of plaintiff's loss with defendant and the other insurance com-

panies, gave directions to one Palmer, the principal book-keeper
of plaintiff, and in charge of its business office and books of
account, to permit the defendant and other insurers to examine
all books of plaintiff.   In accordance with this direction, cer-
tain books were produced by Palmer for the inspection of
defendant and the other insurers, but none of them showing the
cost of construction or value of the property destroyed.   Upon
being informed of this fact, Shippee stated to defendant and the
other insurance companies that neither he nor any of plaintiff's
officers knew of any books showing the cost of construction, or
had ever been able to ascertain the cost of construction of the
property insured.   This statement was made before the sub-
mission to arbitration, but was substantially repeated to the
arbitrators at the time of their selection, that is, they were
informed in the presence of Shippee that such statement had
been made by Shippee, and that they must look elsewhere
than to plaintiff for information as to the cost of construct-
ing the property insured; and the court finds that "Shippee
did not, nor did any of the officers of said plaintiff, know
the cost of construction or value of said implements . . . .
nor did they or any of them know of the existence of any
books showing such cost of construction or value," and "that
such representations were not falsely or fraudulently made for
the purpose of defrauding or deceiving defendant or any of the
other insurers."   But, in this connection, the court below also
found that prior to the destruction of plaintiff's property by
fire, Palmer, by direction of plaintiff's board of directors, had
caused to be prepared inventories of the amount of material
in the various harvester machines destroyed by fire, and had
caused "estimates of the cost of said machines to be made, all
for the purpose of informing the directors of plaintiff of the
cost of construction of said machines, and the said estimates as
aforesaid had been written out in the books of plaintiff . . . .
and said books containing said estimates were in said office, and
in the care and custody of said Palmer at the time that he was
directed to show to the defendant and plaintiff's other insurers
all the books as aforesaid," and that Palmer had also, prior to
the fire, caused to be made and recorded in the books of plaint-
iff inventories purporting to show the value of plaintiff's

stock on hand, and the said books were in the office of plaintiff in the custody of Palmer when he was directed to show to defendant and the other insurers, the books of plaintiff; but that "said Palmer did not exhibit or produce for the examination and inspection of the defendant, or any of the said other insurers, any of the books containing the estimates of the cost of construction or inventories purporting to show values as aforesaid, but expressly and intentionally withheld the same from their inspection and examination, for the purpose and with the intention that they should not see that the cost of construction and value of the said machines above mentioned, as shown by said books, were less than the cost of construction and value of the same as stated in the claim of loss by plaintiff presented to defendant, as hereinbefore found."

The court below also found that defendant and the other insurers consented that the arbitrators might find the amount of plaintiff's loss to be $90,000, " because of the absence of any book or books of account kept by plaintiff showing the cost of construction or value, and the previous inability of the arbitrators . . . . to agree upon an umpire, and of the inability of the insurance companies to establish a less amount than $90,000 as the loss, and rather than go to a lawsuit, and acting upon the statements theretofore made to them that there were no books showing cost of construction or value," and " that, if defendant and plaintiff's other insurers had known of the books in the possession of plaintiff showing cost of construction and value," they would not have given such consent.   We think, also, the findings show that the actual value of the property destroyed, and which was insured by defendant, was very much less than the amount fixed by the award.

It would seem very clear from these facts that the conduct of Palmer in concealing from defendant the books and inventories referred to, and which conduct was the same in effect as a representation that there were no such books and inventories in existence, was a substantial inducement to the action of defendant in waiving its right to have an appraisement of plaintiff's loss in accordance with the terms of its policy, and in consenting that such loss might be fixed at $90,000, without any examination or exercise of judgment upon the part of the arbitrators.

In determining whether fraudulent representations or concealments are material to the contract sought to be avoided therefor, the supreme court of Maryland, in the case of *McAleer* v. *Horsey,* 35 Md. 439, says: "No better rule can be given for deciding the question than this—if the fraud be such that had it not been practiced the contract could not have been made or the transaction completed, then it is material to it, but if it be shown or made probable that the same thing would have been done in the same way, if the fraud had not been practiced, it cannot be deemed material." This same rule is also embodied in section 1569 of the Civil Code of this state; nor is it necessary, in order to avoid a contract for false representations, that such representations should have been the sole inducement to the contract; others may have concurred, and yet the party upon whom the deceit was practiced be entitled to relief. (2 Pomeroy's Equity Jurisprudence, 2d ed., sec. 890; *Addington* v. *Allen,* 11 Wend. 375; *Reynell* v. *Sprye,* 1 De Gex, M. & G. 660; *Safford* v. *Grout,* 120 Mass. 20; *James* v. *Hodsden,* 47 Vt. 127; Bigelow on Fraud, p. 6.)

The facts as found by the court below and hereinbefore stated, bring this case squarely within the rule of the foregoing cases and entitle the defendant to be released from its consent to the formal award, if plaintiff is affected by the fraudulent conduct of Palmer. The plaintiff insists that the fraudulent concealment, of which defendant complains, was the unauthorized, wilful act of Palmer alone, and in violation of the instructions given him by plaintiff in the matter of exhibiting its books, and that for this reason the plaintiff should not be held responsible for such concealment. In support of this contention, cases are cited to the effect that where the acts of an agent are wilful and beyond the scope or limit of his employment, the principal is not bound thereby; but this case does not fall within the principle thus invoked. Palmer was the agent and representative of plaintiff. He was plaintiff's chief book-keeper, in charge of its office and books, and was the person to whom defendant was referred by plaintiff when a demand was made for an inspection of the books. The plaintiff could only act in the matter through the agency of some living person, and Palmer was the person selected for that purpose, and in all that he did or omitted to

do in the matter thus referred to him, he was acting within the scope of his employment, and the plaintiff, as his principal, is bound by his acts and omissions in the performance of the duty entrusted to him, notwithstanding he may have disobeyed the instructions which he received. (Story on Agency, p. 452; Mecham on Agency, sec. 743; *Wolfe* v. *Pugh*, 101 Ind. 293.) And most certainly the plaintiff cannot be permitted to derive any advantage from the fraud of its agent in the manner of transacting its business, upon the claim that such conduct was not authorized by it. (*Bennett* v. *Judson*, 21 N. Y. 239; Mecham on Agency, sec. 148.) The finding of the court below, therefore, that Shippee and the other directors of plaintiff were innocent of any personal participation in the fraud of Palmer, and did not themselves make any representations or concealments, with intent to deceive and defraud defendant and the other insurers, is immaterial and does not give to plaintiff the right to enforce an agreement which the court finds would not have been made but for the fraud of Palmer.

It is lastly claimed by plaintiff that the books and inventories concealed were only the estimates of Palmer, and were incorrect, and had never been approved by plaintiff, and that for this reason the defendant was not injured by their non-production. The court below found "that the estimates of the cost of construction of the said machines, as entered in said books, did not include an allowance for interest upon investment in the plant of plaintiff, nor for salaries paid to its superintendent and other principal employees, nor for power, wastage, or tools; but did include an allowance of ten per cent over and above estimated cost, intended to cover the wear and tear upon the plant of plaintiff." It is not material to the question under consideration to determine whether any or all of the matters referred to in this finding would properly enter into the cost of the construction of the property destroyed, although it is plain that some of them would not. It is sufficient to say that the estimate of such cost was made by the person selected by the plaintiff for that purpose, and the court finds that such estimate was made pursuant to the directions of its directors, and was entered in the books of plaintiff, and kept and retained by it in its business office. This being so, it was the duty of

the plaintiff to exhibit the books containing such inventories and estimates, when requested by defendant, and it could then have accompanied the same with such explanation as it deemed necessary in regard to the method adopted in arriving at such estimated cost, and it would then have been a matter for the consideration of the parties whether or not such estimate was based upon all the items of cost which should have been included therein. The books would have afforded some information to the defendant, and to that information it was entitled, not only under the terms of the policy issued by it, but also upon the plainest principles of right and fair dealing; and the plaintiff cannot be permitted to enforce an agreement which the court found would never have been made but for the fraud of plaintiff's agent in withholding such information from the defendant—an agreement by which, under the findings of the court, as we construe them, the defendant agreed to pay more than the value of the property destroyed.

3. The judgment or decree of December 19, 1890, denying to defendant the relief demanded in what is termed its cross-complaint, was not a final judgment, and the attempted separate appeal therefrom must be dismissed. There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy. (Elliott's Appellate Procedure, secs. 90, 91; *Western Union Tel. Co.* v. *Locke,* 107 Ind. 9.)

This the decree of December 19, 1890, did not attempt to do, but only purported to dispose of one of the defenses to the action. Such a judgment is, to say the least, irregular, but as it is merged in the final judgment, the reversal of the latter will also operate to vacate the former.

The appeal from the so-called decree of December 19, 1890, is dismissed, and the appeal from the final judgment in the action entered on January 7, 1891, will be reversed.

Judgment reversed and cause remanded for a new trial.

McFarland, J., Garoutte, J.; and Harrison, J., concurred.

Rehearing denied.